UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ X

DEUTSCHE BANK TRUST COMPANY
AMERICAS, as Trustee and Securities
Intermediary,

                                    Plaintiff,

                    - against -

LACROSSE FINANCIAL PRODUCTS, LLC,
CEDE & CO., as Holder of certain Secured Notes
and nominee name of the Depositary Trust
Company, AURELIUS CAPITAL PARTNERS,
LP, THE BANK OF N.T. BUTTERFIELD & SON
LIMITED, MAGNETAR CONSTELLATION
MASTER FUND, LTD., MAGNETAR
CONSTELLATION MASTER FUND III, LTD.,
MAGNETAR CONSTELLATION FUND II,
LTD., PALMER SQUARE 3 LIMITED, PASA
FUNDING 2007-1, LTD., REVELSTOKE CDO I
LTD., SILVER ELMS CDO plc, STANTON CDO
I S.A., UBS ABSOLUTE RETURN BOND FUND,
a fund of UBS Funds, Inc., UBS GLOBAL BOND
FUND, a fund of UBS Funds, Inc., ZAIS
OPPORTUNITY MASTER FUND, LTD, and
DOES 1 through 100, owners of beneficial interests
in the Secured Notes,

                                    Defendants.

------------------------------------------------------------ X

JUDGE CASTEL

08 CV 0955

INTERPLEADER COMPLAINT



        Plaintiff Deutsche Bank Trust Company Americas ("Deutsche Bank"), solely as

Trustee and Securities Intermediary under an Indenture dated March 15, 2007 between and

among itself, Sagittarius CDO I Ltd., as Issuer, and Sagittarius CDO I LLC, as Co-Issuer (the

"Indenture"), alleges and states that:

1.      Deutsche Bank is a New York corporation with its principal place of business at 60 Wall Street, New York, New York 10005.

2.      Upon information and belief, LaCrosse Financial Products, LLC ("LaCrosse") is a Delaware limited liability company with its principal place of business at 113 King Street, Armonk, New York 10504.

3.      LaCrosse is sued in this action as a claimant pursuant to 28 U.S.C. § 1335(a) because of its role as the Super Senior Counterparty, as such term is defined in Section 1.1 of the Indenture.  A true and complete copy of the Indenture will, subject to a motion by Deutsche Bank to file it under seal as a confidential document pursuant to Section 14.14 of the Indenture, be provided to the Court and Defendants as Exhibit A.

4.      LaCrosse is subject to the terms of the Indenture because, as the Super Senior Counterparty, it is a Secured Party pursuant to the Preliminary Statement of the Indenture; because it is an express third-party beneficiary pursuant to Section 14.8 of the Indenture; and because, as the Controlling Class, as such term is defined in Section 1.1 of the Indenture, it seeks to direct Deutsche Bank to make payments or deposits of Interest Proceeds and Principal Proceeds, as those terms are defined in Section 1.1 of the Indenture, based on a particular interpretation of Section 13.1 of the Indenture (the "Subordination Provisions") and Section 11.1 of the Indenture (the "Waterfall Provisions").

5.      LaCrosse is also subject to the terms of the Indenture because it is a party to the Super Senior Facility Agreement, as such term is defined in Section 1.1 of the Indenture, which has been assigned by the Issuer to Deutsche Bank pursuant to Section 15.1 of the Indenture.

6.      The Super Senior Facility provides, in Part IV of the Confirmation for Super Senior Transaction Subject to 1992 Master Agreement dated March 15, 2007 between

Sagittarius CDO I Ltd. and LaCrosse (the "Super Senior Confirmation"), that no amount shall be paid to LaCrosse except in accord with the Priority of Payments, as such term is defined in Sections 1.1 and 11.1(a) of the Indenture, and further provides, in the introduction to the Super Senior Confirmation, that the Super Senior Facility Agreement incorporates the definitions contained in the Indenture. A true and complete copy of the Super Senior Confirmation will, subject to a motion by Deutsche Bank to file it under seal as a confidential document pursuant to Section 14.14 of the Indenture, be provided to the Court and Defendants as Exhibit B.

7.      Upon information and belief, Cede & Co. is the nominee name of the Depositary Trust Company, a limited purpose trust company organized under New York banking law with its principal place of business at 55 Water Street, New York, New York 10041.

8.      Cede & Co. is sued in this action as a claimant pursuant to 28 U.S.C. § 1335(a) because of its role as the Holder of record of 100% of the outstanding aggregate principal amount of the Secured Notes, as such terms are defined in Section 1.1 of the Indenture, each Secured Note being in the form of one or more global notes in fully registered form, without interest coupons, registered in the name of Cede & Co. and on which Cede & Co. is the named payee.

9.      Each one of the nine Classes of Secured Notes (Classes S, A, B, C, D-1, D-2, D-3, E, and X) differs from the other Classes of Secured Notes with respect to the amount and priority of payment of principal and interest to which it is entitled under the Indenture.

10.      Cede & Co. is subject to the terms of the Indenture as a Holder of the Secured Notes because each of the Secured Notes, in the form of one or more global notes, states that it is "issued pursuant to the terms of the Indenture which is incorporated herein by reference." True and complete copies of each of the Secured Notes will, subject to a motion by Deutsche

Bank to file them under seal as confidential documents pursuant to Section 14.14 of the Indenture, be provided to the Court and Defendants as Exhibit C.

11.     Upon information and belief, Cede & Co., as Holder of the Secured Notes, holds the Secured Notes for the ultimate benefit of others.

12.     Upon information and belief, Aurelius Capital Partners, LP is a Delaware limited partnership with its principal place of business at 53 Forest Avenue, Second Floor, Old Greenwich, Connecticut 06870.

13.     Aurelius Capital Partners, LP is sued in this action as a claimant pursuant to 28 U.S.C. § 1335(a) because, upon information and belief, it is the beneficial owner of an interest in the Class D-2 Secured Notes held by Cede & Co.

14.     Upon information and belief, The Bank of N.T. Butterfield & Son Limited is a company organized under the laws of Bermuda with its principal place of business at 65 Front Street, Hamilton, Bermuda HM AX.

15.     The Bank of N.T. Butterfield & Son Limited is sued in this action as a claimant pursuant to 28 U.S.C. § 1335(a) because, upon information and belief, it is the beneficial owner of an interest in the Class S Secured Notes held by Cede & Co.

16.     Upon information and belief, Magnetar Constellation Master Fund, Ltd. is a company organized under the laws of the Cayman Islands with its principal place of business at M&C Corporate Services Limited, P.O. Box 309 GT, Ugland House, South Church Street, George Town, Grand Cayman KY1-1104, Cayman Islands, The British West Indies.

17.     Magnetar Constellation Master Fund, Ltd. is sued in this action as a claimant pursuant to 28 U.S.C. § 1335(a) because, upon information and belief, it is the beneficial owner of an interest in the Class D-3, E, and X Secured Notes held by Cede & Co.

18.     Upon information and belief, Magnetar Constellation Master Fund, Ltd. is also the beneficial owner of an interest in the Subordinated Notes defined in the Indenture.

19.     Upon information and belief, Magnetar Constellation Master Fund III, Ltd. is a company organized under the laws of the Cayman Islands with its principal place of business at M&C Corporate Services Limited, P.O. Box 309 GT, Ugland House, South Church Street, George Town, Grand Cayman KY1-1104, Cayman Islands, The British West Indies.

20.     Magnetar Constellation Master Fund III, Ltd. is sued in this action as a claimant pursuant to 28 U.S.C. § 1335(a) because, upon information and belief, it is the beneficial owner of an interest in the Class D-3, E, and X Secured Notes held by Cede & Co.

21.     Upon information and belief, Magnetar Constellation Master Fund III, Ltd. is also the beneficial owner of an interest in the Subordinated Notes defined in the Indenture.

22.     Upon information and belief, Magnetar Constellation Fund II, Ltd. is a company organized under the laws of the Cayman Islands with its principal place of business at M&C Corporate Services Limited, P.O. Box 309 GT, Ugland House, South Church Street, George Town, Grand Cayman KY1-1104, Cayman Islands, The British West Indies.

23.     Magnetar Constellation Fund II, Ltd. is sued in this action as a claimant pursuant to 28 U.S.C. § 1335(a) because, upon information and belief, it is the beneficial owner of an interest in the Class D-3, E, and X Secured Notes held by Cede & Co.

24.     Upon information and belief, Magnetar Constellation Fund II, Ltd. is also the beneficial owner of an interest in the Subordinated Notes defined in the Indenture.

25.     Upon information and belief, Magnetar Constellation Master Fund, Ltd., Magnetar Constellation Master Fund III, Ltd., and Magnetar Constellation Fund II, Ltd. are,

collectively, the beneficial owners of 100% of the interests in the Subordinated Notes defined in the Indenture.

26.     Upon information and belief, Palmer Square 3 Limited is a company organized under the laws of Ireland with its principal place of business at 5 Harbourmaster Place, International Financial Services Centre, Dublin 1, Ireland.

27.     Palmer Square 3 Limited is sued in this action as a claimant pursuant to 28 U.S.C. § 1335(a) because, upon information and belief, it is the beneficial owner of an interest in the Class A Secured Notes held by Cede & Co.

28.     Upon information and belief, PASA Funding 2007-1, Ltd. is a company organized under the laws of the Cayman Islands with its principal place of business c/o Ogier Fiduciary Services (Cayman) Limited, P.O. Box 1234 GT, Queensgate House, South Church Street, George Town, Grand Cayman KY1-1108, Cayman Islands, The British West Indies.

29.     PASA Funding 2007-1, Ltd. is sued in this action as a claimant pursuant to 28 U.S.C. § 1335(a) because, upon information and belief, it is the beneficial owner of an interest in the Class A and B Secured Notes held by Cede & Co.

30.     Upon information and belief, Revelstoke CDO I Ltd. is a company organized under the laws of the Cayman Islands with its principal place of business c/o Maples Finance Limited, P.O. Box 1093 GT, Queensgate House, South Church Street, George Town, Grand Cayman KY1-1108, Cayman Islands, The British West Indies.

31.     Revelstoke CDO I Ltd. is sued in this action as a claimant pursuant to 28 U.S.C. § 1335(a) because, upon information and belief, it is the beneficial owner of an interest in the Class A Secured Notes held by Cede & Co.

32.     Upon information and belief, Silver Elms CDO plc is a company organized under the laws of Ireland with its principal place of business c o Deutsche International Corporate Services (Ireland) Limited, 5 Harbourmaster Place, International Financial Services Centre, Dublin 1, Ireland.

33.     Silver Elms CDO plc is sued in this action as a claimant pursuant to 28 U.S.C. § 1335(a) because, upon information and belief, it is the beneficial owner of an interest in the Class A and B Secured Notes held by Cede & Co.

34.     Upon information and belief, Stanton CDO I S.A. is a société anonyme organized under the laws of the Grand Duchy of Luxembourg with its principal place of business c o Omicron Investment Management GmbH, Herrengasse 1-3, 1010 Vienna, Austria.

35.     Stanton CDO I S.A. is sued in this action as a claimant pursuant to 28 U.S.C. § 1335(a) because, upon information and belief, it is the beneficial owner of an interest in the Class D-1 Secured Notes held by Cede & Co.

36.     Upon information and belief, UBS Absolute Return Bond Fund is a fund of UBS Funds, Inc., a Delaware statutory trust with its principal place of business at One North Wacker Drive, Chicago, Illinois 60606.

37.     UBS Absolute Return Bond Fund is sued in this action as a claimant pursuant to 28 U.S.C. § 1335(a) because, upon information and belief, it is the beneficial owner of an interest in the Class C Secured Notes held by Cede & Co.

38.     Upon information and belief, UBS Global Bond Fund is a fund of UBS Funds, Inc., a Delaware statutory trust with its principal place of business at One North Wacker Drive, Chicago, Illinois 60606.

39.     UBS Global Bond Fund is sued in this action as a claimant pursuant to 28 U.S.C. § 1335(a) because, upon information and belief, it is the beneficial owner of an interest in the Class C Secured Notes held by Cede & Co.

40.     Upon information and belief, ZAIS Opportunity Master Fund, LTD is a company organized under the laws of the Cayman Islands with its principal place of business at P.O. Box 1984 GT, Elizabeth Square, George Town, Grand Cayman Islands, The British West Indies.

41.     ZAIS Opportunity Master Fund, LTD is sued in this action as a claimant pursuant to 28 U.S.C. § 1335(a) because, upon information and belief, it is the beneficial owner of an interest in the Class D-1 and D-2 Secured Notes held by Cede & Co.

42.     Does 1 through 100 are other beneficial owners of interests in the Secured Notes held by Cede & Co., of whose names or true identities as owners of a specific Class or Classes of such Notes Deutsche Bank is ignorant.

43.     An Event of Default, as such term is defined in Sections 1.1 and 5.1(j) of the Indenture, has occurred and is continuing.

44.     Deutsche Bank has received notice pursuant to Section 5.2 of the Indenture from LaCrosse, as the Controlling Class, that, among other things, the principal of all of the Notes is immediately due and payable.

45.     Deutsche Bank has sent notice pursuant to Section 5.2 of the Indenture to, among others, the Issuers and each Rating Agency, that, among other things, the principal of all of the Notes is immediately due and payable.

46.     Pursuant to Section 5.5 of the Indenture, Deutsche Bank is required to retain the Collateral and to collect or cause the collection of the proceeds of the Collateral,

- 8 -

including Principal Proceeds and Interest Proceeds, all as such terms are defined in Section 1.1 of the Indenture.

47.     Deutsche Bank seeks and has sought to apply the proceeds of the Collateral in the order of the required Priority of Payments, which are determined by the Waterfall Provisions of the Indenture, subject to the Subordination Provisions of the Indenture, all as set forth in the Indenture and in Annex I to each of the Secured Notes.

48.     On or about November 13, 2007, a Monthly Distribution Date, as such term is defined in Section 1.1 of the Indenture, occurred.

49.     On that Monthly Distribution Date, Deutsche Bank sought to apply, in accord with the required Priority of Payments, the Interest Proceeds and Principal Proceeds it had received on the Collateral.

50.     A dispute had arisen as of that Monthly Distribution Date, however, concerning the proper interpretation of the Subordination Provisions and Waterfall Provisions for purposes of the Priority of Payments (the "Dispute") such that different Defendants claimed different rights in how the limited fund of Interest Proceeds and Principal Proceeds should be applied, then and in the future, under the terms of the Indenture.

51.     The Dispute arose in part from a letter of November 7, 2007, in which LaCrosse purported to direct Deutsche Bank not to pay Interest Proceeds or Principal Proceeds to any Holder of the Secured Notes before applying all such amounts in favor of LaCrosse. A true and complete copy of this letter will, subject to a motion by Deutsche Bank to file it under seal as a confidential document pursuant to Section 14.14 of the Indenture, be provided to the Court and Defendants as Exhibit D.

52.    Upon information and belief, LaCrosse has taken the position, for purposes of its November 7, 2007 letter, that the Subordination Provisions and Waterfall Provisions of the Indenture must be interpreted to mean that all Interest Proceeds and Principal Proceeds in the Interpleader Escrow should be paid into the Permanent Reduction Reserve Account, as such term is defined in Sections 1.1 and 10.6 of the Indenture, until such Permanent Reduction Reserve Account contains an amount sufficient to reduce the Super Senior Notional Amount, as such term is defined in Section 1.1 of the Indenture, to zero, thus effecting a reduction of certain obligations of LaCrosse to make payments it had promised to make from its own funds under the Super Senior Facility Agreement.

53.    Upon information and belief, Butterfield Asset Management Limited, Magnetar Constellation Master Fund, Ltd., Magnetar Constellation Master Fund III, Ltd., Magnetar Constellation Fund II, Ltd., and one or more of the other Defendants or Doe Defendants has taken or will take the position that the interpretation of the Subordination Provisions and Waterfall Provisions of the Indenture by LaCrosse is neither reasonable nor correct and that, as a result, a portion of the Interest Proceeds and Principal Proceeds in the Interpleader Escrow should be paid to Cede & Co. for distribution by it to owners of beneficial interests in Secured Notes in accord with the Waterfall Provisions of the Indenture.

54.    Upon information and belief, Cede & Co., as Holder of and payee on the Secured Notes, has taken or will take the position (because, upon information and belief, Butterfield Asset Management Limited, Magnetar Constellation Master Fund, Ltd., Magnetar Constellation Master Fund III, Ltd., Magnetar Constellation Fund II, Ltd., and one or more of the other Defendants or Doe Defendants has taken or will take such position) that the interpretation of the Subordination Provisions and Waterfall Provisions of the Indenture by LaCrosse is neither

reasonable nor correct and that, as a result, a portion of the Interest Proceeds and Principal Proceeds in the Interpleader Escrow should be paid to Cede & Co. for distribution by it to owners of beneficial interests in Secured Notes in accord with the Waterfall Provisions of the Indenture.

55.     Upon information and belief, there may be disagreement as to the portion of the Interest Proceeds and Principal Proceeds in the Interpleader Escrow payable to Cede & Co. for distribution by it with respect to, on the one hand, beneficial interests in Class S Secured Notes and, on the other hand, beneficial interests in one or more other Classes of Secured Notes.

56.     Because of the Dispute between or among the Defendants with respect to entitlement to Interest Proceeds and Principal Proceeds pursuant to the Priority of Payments, as determined by the Waterfall Provisions of the Indenture, subject to the Subordination Provisions of the Indenture, all as set forth in the Indenture and in Annex I to each of the Secured Notes, Deutsche Bank informed, among others, LaCrosse and Cede & Co., by notice dated November 13, 2007, and pursuant to Sections 14.3 and 14.4 of the Indenture, that Deutsche Bank would hold in escrow (the "Interpleader Escrow") the limited fund of Interest Proceeds and Principal Proceeds remaining after payment of all senior amounts due to other parties from such Interest Proceeds and Principal Proceeds under the Indenture, and that Deutsche Bank expected, subject to resolution of the Dispute, to continue to deposit similarly limited funds into the Interpleader Escrow in the future.  A true and complete copy of this notice will, subject to a motion by Deutsche Bank to file it under seal as a confidential document pursuant to Section 14.14 of the Indenture, be provided to the Court and Defendants as Exhibit E.

57.     Because of the Dispute between or among the Defendants with respect to entitlement to Interest Proceeds and Principal Proceeds (including the Interest Proceeds and Principal Proceeds currently in the Interpleader Escrow) pursuant to the Priority of Payments, as

- 11 -

determined by the Waterfall Provisions of the Indenture, subject to the Subordination Provisions of the Indenture, all as set forth in the Indenture and in Annex I to each of the Secured Notes, on December 3, 2007, Deutsche Bank also filed an interpleader action in the Supreme Court of the State of New York in and for New York County entitled *Deutsche Bank Trust Co. Am. v. LaCrosse Fin. Prods., LLC*, Index No. 07116014 (N.Y. Sup. Ct. Dec. 3, 2007).

58.     On or about December 13, 2007, another Monthly Distribution Date occurred.

59.     As of the December 13, 2007 Monthly Distribution Date, Deutsche Bank deposited in the Interpleader Escrow the limited fund of Interest Proceeds and Principal Proceeds remaining after payment as of that date of all amounts due to other parties senior to LaCrosse and Cede & Co. from such Interest Proceeds and Principal Proceeds under the Indenture.

60.     On or about January 10, 2008, another Monthly Distribution Date occurred.

61.     As of the January 10, 2008 Monthly Distribution Date, Deutsche Bank deposited in the Interpleader Escrow the limited fund of Interest Proceeds and Principal Proceeds remaining after payment as of that date of all amounts due to other parties senior to LaCrosse and Cede & Co. from such Interest Proceeds and Principal Proceeds under the Indenture.

62.     At the request of, and with the consent of, various Defendants (and subject to Doe Defendants diverse from other claimants having identified themselves so as to provide a basis for federal jurisdiction), Deutsche Bank is commencing this action to pursue the remedy of statutory interpleader in federal court and intends to dismiss its interpleader action in state court.

63.     The funds deposited in the Interpleader Escrow as of the November 13, 2007, December 13, 2007, and January 10, 2008 Monthly Distribution Dates consist entirely of Interest Proceeds or Principal Proceeds.

64.    The funds deposited in the Interpleader Escrow are invested in Eligible Investments, as such term is defined in Section 1.1 of the Indenture, and in accord with Section 6.7 of the Indenture.

65.    The amount held in the Interpleader Escrow exceeds $500.

66.    The Dispute is likely to recur on succeeding Monthly Distribution Dates.

67.    Subject matter jurisdiction over this action is proper in this Court pursuant to 28 U.S.C. § 1335(a) because Deutsche Bank has in its custody or possession $500 or more to which two or more Defendants claim, or may claim, to be entitled and at least one of such Defendants has citizenship diverse from that of at least one other Defendant.

68.    Personal jurisdiction over Cede & Co. is proper in this Court pursuant to 28 U.S.C. §§ 1335(a) and 2361.

69.    Personal jurisdiction over LaCrosse is proper in this Court pursuant to 28 U.S.C. §§ 1335(a) and 2361.

70.    Personal jurisdiction over Aurelius Capital Partners, LP is proper in this Court pursuant to 28 U.S.C. §§ 1335(a) and 2361.

71.    Personal jurisdiction over The Bank of N.T. Butterfield & Son Limited is proper in this Court pursuant to 28 U.S.C. §§ 1335(a) and 2361.

72.    Personal jurisdiction over Magnetar Constellation Master Fund, Ltd. is proper in this Court pursuant to 28 U.S.C. §§ 1335(a) and 2361 and because Magnetar Constellation Master Fund, Ltd. has agreed to accept service of the Summons and this Interpleader Complaint in the United States.

73.    Personal jurisdiction over Magnetar Constellation Master Fund III, Ltd. is proper in this Court pursuant to 28 U.S.C. §§ 1335(a) and 2361 and because Magnetar

Constellation Master Fund III, Ltd. has agreed to accept service of the Summons and this Interpleader Complaint in the United States.

74.     Personal jurisdiction over Magnetar Constellation Fund II, Ltd. is proper in this Court pursuant to 28 U.S.C. §§ 1335(a) and 2361 and because Magnetar Constellation Fund II, Ltd. has agreed to accept service of the Summons and this Interpleader Complaint in the United States.

75.     Personal jurisdiction over Palmer Square 3 Limited is proper in this Court pursuant to 28 U.S.C. §§ 1335(a) and 2361.

76.     Personal jurisdiction over PASA Funding 2007-1, Ltd. is proper in this Court pursuant to 28 U.S.C. §§ 1335(a) and 2361.

77.     Personal jurisdiction over Revelstoke CDO I Ltd. is proper in this Court pursuant to 28 U.S.C. §§ 1335(a) and 2361.

78.     Personal jurisdiction over Silver Elms CDO plc is proper in this Court pursuant to 28 U.S.C. §§ 1335(a) and 2361.

79.     Personal jurisdiction over Stanton CDO I S.A. is proper in this Court pursuant to 28 U.S.C. §§ 1335(a) and 2361.

80.     Personal jurisdiction over UBS Absolute Return Bond Fund is proper in this Court pursuant to 28 U.S.C. §§ 1335(a) and 2361.

81.     Personal jurisdiction over UBS Global Bond Fund is proper in this Court pursuant to 28 U.S.C. §§ 1335(a) and 2361.

82.     Personal jurisdiction over ZAIS Opportunity Master Fund, LTD is proper in this Court pursuant to 28 U.S.C. §§ 1335(a) and 2361.

83.     If any Defendant is not otherwise subject to jurisdiction and process, such Defendant is subject to the jurisdiction and process of this Court pursuant to 28 U.S.C. § 1655 to the extent of the property that is the subject of this action.

84.     Venue is proper in this Court pursuant to 28 U.S.C. § 1397 because, upon information and belief, one or more of the Defendants resides in this District.

85.     Deutsche Bank has no interest as a claimant in the Interest Proceeds and Principal Proceeds deposited or to be deposited in the Interpleader Escrow except to the extent of reasonable attorneys' fees, costs, and disbursements with respect to this action and the maintenance and distribution of amounts in the Interpleader Escrow as may be awarded by the Court.

WHEREFORE, Deutsche Bank asks this Court:

A       To order Defendants, with respect to the Interest Proceeds and Principal Proceeds now held or to be held in the Interpleader Escrow, to interplead and to settle all claims to Interest Proceeds and Principal Proceeds between themselves and any other persons who claim or may claim an interest, beneficial or legal, in such Interest Proceeds and Principal Proceeds;

B.      To order Deutsche Bank to continue the Interpleader Escrow, and to continue to invest amounts deposited in the Interpleader Escrow in Eligible Investments, as such term is defined in Section 1.1 of the Indenture, and in accord with Section 6.7 of the Indenture;

C.      To order that Deutsche Bank, so long as it maintains the Interpleader Escrow separate and apart from other funds of Deutsche Bank, not be required to post any bond pursuant to 28 U.S.C. § 1335(a)(2);

D.     To order Deutsche Bank, to the extent that it may fail to maintain the Interpleader Escrow separate and apart from other funds of Deutsche Bank, to then post a bond pursuant to 28 U.S.C. § 1335(a)(2) payable to the Clerk of this Court in an amount equal to the Interest Proceeds and Principal Proceeds currently in the Interpleader Escrow as of the date of this Interpleader Complaint;

E.     To order Deutsche Bank to make interim distributions from the Interpleader Escrow, if any, only by further order of this Court;

F.     To order Deutsche Bank, upon final judgment determining the respective interests of the Defendants and all other interested persons to distribution of Interest Proceeds and Principal Proceeds, to distribute amounts then remaining in the Interpleader Escrow as directed by the Court;

G.     Pending such final judgment, to enjoin Defendants and all claiming through or acting with them, or claiming any interest in the Interpleader Escrow or the amounts deposited or to be deposited in it, from commencing or prosecuting any separate litigation concerning or relating to the issues in this action;

H.     To discharge Deutsche Bank from liability, conditioned upon its continued compliance with the future orders and judgment of the Court as described above with respect to the subject matter of this controversy; and

I.  To award Deutsche Bank its reasonable attorneys' fees, costs, and disbursements with respect to this action and the maintenance and distribution of amounts in the Interpleader Escrow.

Dated:   January 28, 2008

NIXON PEABODY LLP

By: _____
Christopher M. Mason (CM-7146)

437 Madison Avenue
New York, New York 10022
(212) 940-3000

Attorneys for Plaintiff
Deutsche Bank Trust Company Americas

# EXHIBIT A
# TO BE FILED UNDER SEAL

# EXHIBIT B
# TO BE FILED UNDER SEAL

# EXHIBIT C-1—C-17
# TO BE FILED UNDER SEAL

# EXHIBIT D
# TO BE FILED UNDER SEAL

# EXHIBIT E
# TO BE FILED UNDER SEAL