UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
:
DEUTSCHE BANK TRUST COMPANY :
AMERICAS, as Trustee and Securities :
Intermediary, :
:
:
Plaintiff, :
:
- against - :
:
LACROSSE FINANCIAL PRODUCTS, LLC, :
CEDE & CO., as Holder of certain Secured Notes :
and nominee name of the Depositary Trust :
Company, AURELIUS CAPITAL PARTNERS, :
LP, THE BANK OF N.T. BUTTERFIELD & SON :
LIMITED, MAGNETAR CONSTELLATION :
MASTER FUND, LTD., MAGNETAR :
CONSTELLATION MASTER FUND III, LTD., :
MAGNETAR CONSTELLATION FUND II, :
LTD., PALMER SQUARE 3 LIMITED, PASA :
FUNDING 2007-1, LTD., REVELSTOKE CDO I :
LTD., SILVER ELMS CDO plc, STANTON CDO :
I S.A., UBS ABSOLUTE RETURN BOND FUND, :
a fund of UBS Funds, Inc., UBS GLOBAL BOND :
FUND, a fund of UBS Funds, Inc., ZAIS :
OPPORTUNITY MASTER FUND, LTD, and :
DOES 1 through 100, owners of beneficial interests :
in the Secured Notes, :
:
Defendants. :
:
------------------------------------------------------------ X

JUDGE CASTEL

08 CV 0955

MEMORANDUM OF LAW IN SUPPORT OF MOTION
TO FILE EXHIBITS UNDER SEAL

Plaintiff Deutsche Bank Trust Company Americas ("Deutsche Bank") submits this memorandum of law in support of its motion to file under seal five exhibits to its Interpleader Complaint (the "Complaint") in this action.

10863161

Statement of Facts

This case involves a collateralized debt obligation ("CDO") transaction in which two issuers in effect sold various private notes, including nine different classes of Secured Notes, to institutional investors. *See, e.g.,* Complaint ¶ 9 & Ex. C.[1] Defendants Aurelius Capital Partners, LP ("Aurelius"); The Bank of N.T. Butterfield & Son Limited ("Butterfield"); Magnetar Constellation Master Fund, Ltd., Magnetar Constellation Master Fund III, Ltd., and Magnetar Constellation Fund II, Ltd. (collectively, "Magnetar"); Palmer Square 3 Limited ("Palmer"); PASA Funding 2007-1, Ltd. ("PASA"); Revelstoke CDO I Ltd. ("Revelstoke"); Silver Elms CDO plc ("Silver"); Stanton CDO I S.A. ("Stanton"); UBS Absolute Return Bond Fund and UBS Global Bond Fund (collectively, "UBS"); and ZAIS Opportunity Master Funds, Inc. ("ZAIS") appear to be current owners of beneficial interests in such Secured Notes. *See* Complaint ¶¶ 13, 15, 17, 18, 20, 21, 23-25, 27, 29, 31, 33, 35, 37, 39, and 41. Defendant Cede & Co. ("Cede"), the actual Holder of the Secured Notes, ultimately holds them for the benefit of these investors and others (the Doe Defendants) whose names are not currently known to Deutsche Bank. *See, e.g.,* Complaint ¶¶ 8, 11 & Ex. A § 1.1.

Defendant LaCrosse Financial Products, LLC ("LaCrosse") is a provider of certain credit enhancements to the CDO transaction. As the Super Senior Counterparty, it has basically promised to make certain payments under certain limited conditions if the Issuers fail to do so. *See, e.g.,* Complaint ¶¶ 3-6 & Ex. A § 1.1, Ex. B.

---

[1] Unless otherwise specified, capitalized terms in this memorandum have the meanings given them in the Indenture dated as of March 15, 2007 between and among Deutsche Bank, as Trustee, Sagittarius CDO I Ltd., as Issuer, and Sagittarius CDO I LLC, as Co-Issuer (the "Indenture").

Deutsche Bank itself is the Trustee and Securities Intermediary for the CDO transaction. Its responsibilities include distributing, in varying orders under the Indenture depending on various circumstances, the funds deposited with it from time to time by the Issuers. *See, e.g.,* Complaint Ex. A §§ 11.1, 13.1. Those funds are, in general, applied to pay the fees of various parties to the CDO transaction and to repay certain Notes, including the Secured Notes.

An Event of Default has occurred under the Indenture. *See* Complaint ¶ 43. Based on that Event of Default, LaCrosse asserted (and Deutsche Bank communicated to others) that the Secured Notes were immediately due and payable. *See, e.g.,* Complaint ¶ 44-45. LaCrosse also purported to direct Deutsche Bank not to pay Interest Proceeds or Principal Proceeds with respect to the Secured Notes to any Holder before, in effect, first applying all such amounts in favor of LaCrosse. *See* Complaint ¶¶ 51 & Ex. D. While no one challenged the default or acceleration, some Defendants had an interpretation different than LaCrosse's as to how Interest Proceeds and Principal Proceeds should be applied following an Event of Default and acceleration. *See* Complaint ¶¶ 52-53; *see also* Complaint ¶ 54.

As a result of these differing views, Deutsche Bank placed the relevant funds in an escrow account and notified the necessary parties that it expected to hold those funds until their differences of interpretation can be resolved. *See* Complaint ¶ 56 & Ex. E. To provide a forum for that resolution, Deutsche Bank filed an interpleader action in New York state court. *See Deutsche Bank Trust Co. Am. v. LaCrosse Fin. Prods., LLC,* Index No. 07116014 (N.Y. Sup. Ct. Dec. 3, 2007). At the request of various Defendants (and after Doe Defendants diverse from

other claimants had identified themselves so as to provide a basis for federal jurisdiction), Deutsche Bank then commenced this federal statutory interpleader action.[2]

Argument

Each of the Secured Notes at issue here is either a "Regulation S" or "Rule 144A" note exempt from the public registration requirements of the federal securities laws. *See, e.g.*, 15 U.S.C.A. §§ 77c, 77ddd (West 2007); 17 C.F.R. § 230.144A (2007). In other words, the Secured Notes and the various other documents (such as the Indenture) related to the CDO transaction are all parts of a complex private (rather than public) investment. Consistent with this, the Indenture requires that "[e]xcept as otherwise provided in this Indenture or as required by law (including the UCC) or as required to maintain the listing on the Exchange or the perfection of the lien of this Indenture, this Indenture and all agreements, reports, or other documents related to the transaction executed or delivered in connection with this Indenture shall be treated by the Trustee as confidential." *See* Complaint Ex. A, at § 14.14.[3]

Because of this provision in the Indenture, Deutsche Bank seeks an order as to whether the five exhibits to its Complaint may be filed and maintained under seal. Federal law permits this: "Although the right of public access to court records is firmly entrenched and well supported by policy and practical considerations, the right is not absolute." *In re Application of Kolomoisky*, No. M19-116, 2006 U.S. Dist. LEXIS 58591, at *12 (S.D.N.Y. Aug. 18, 2006) (quoting *In re Orion Pictures Corp.*, 21 F.3d 24, 27 (2d Cir. 1994)). Thus, a federal court may order the filing of exhibits under seal if a "party can demonstrate a sufficiently compelling

---

[2] Deutsche Bank is in the process of dismissing the state court action. An unopposed motion to file under seal similar to this one was made by Deutsche Bank in New York state court, but never acted upon.

[3] In consideration of the confidentiality provision in Section 14.14 of the Indenture, Exhibits A through E will be provided to the Court for *in camera* review upon request.

justification for such action." *In re Omnicom Group, Inc.*, No. 02 Civ. 4483, 2006 U.S. Dist. LEXIS 76782, at *1-2 (S.D.N.Y. Oct. 20, 2006).

    Each of the five exhibits attached by Deutsche Bank to its Complaint in this case—Exhibit A (the Indenture), Exhibit B (the Super Senior Confirmation), Exhibit C (the Secured Notes), Exhibit D (a letter from LaCrosse to Deutsche Bank), and Exhibit E (a notice sent by Deutsche Bank to parties under the Indenture concerning escrowed funds)—is being provided to the Defendants.  Each of them also, however, appears to Deutsche Bank to be a document it is required, under Section 14.14 of the Indenture, to treat as confidential.  These documents disclose the specific terms of the complex, non-public CDO investment documented in the Indenture and Secured Notes, as well as specific positions taken by parties to that CDO transaction.  Because there is a competitive market for CDO transactions, keeping such terms confidential would appear to have commercial value to the parties to the transaction, including the Issuers and Defendants.  *See Bergen Brunswig Corp. v. IVAX Corp.*, No. 97 Civ. 2003, 1998 U.S. Dist. LEXIS 3045, at *7 (S.D.N.Y. Mar. 11, 1998) ("Potential damage from the release of sensitive business information has been deemed a ground for denying access to court documents"); *Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1071 (3d Cir. 1984) ("Good cause is established on a showing that disclosure will work a clearly defined . . . injury" such as the disclosure of protected confidential commercial information like a trade secret); *see also, e.g., Nixon v. Warner Commc'ns*, 435 U.S. 589, 598 (1978) (access to court files may be denied if could be used "as sources of business information that might harm a litigant's competitive standing").

    In contrast to these reasons for confidentiality, there would seem to be little need for the public to know the specific, private terms of the Indenture, the Secured Notes, or the

documents relating to them. Thus, the public's generic right to access court files is outweighed, with respect to the five specific exhibits at issue here, both by a contractual promise to keep such information confidential and by the competitive interests of the parties to the CDO transaction involved. *See United States v. Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995) ("Financial records of a wholly owned business, family affairs, illnesses, embarrassing conduct with no public ramifications, and similar matters will weigh more heavily against access than conduct affecting a substantial portion of the public").

## Conclusion

For the reasons set forth above, Deutsche Bank respectfully requests that this Court grant its application to have Exhibits A through E of its Interpleader Complaint filed and maintained under seal.

Dated: January 28, 2008

NIXON PEABODY LLP

By: _____
Christopher M. Mason (CM-7146)

437 Madison Avenue
New York, New York 10022
(212) 940-3000

Attorneys for Plaintiff
Deutsche Bank Trust Company Americas
