UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| -------------------------------------------------------------- X : <br> DEUTSCHE BANK TRUST COMPANY : <br> AMERICAS, as Trustee and Securities : <br> Intermediary, : <br> : <br> Plaintiff, : <br> : <br> - against - : <br> : <br> LACROSSE FINANCIAL PRODUCTS, LLC, : <br> CEDE & CO., as Holder of certain Secured Notes : <br> and nominee name of the Depositary Trust : <br> Company, AURELIUS CAPITAL PARTNERS, : <br> LP, THE BANK OF N.T. BUTTERFIELD & SON : <br> LIMITED, MAGNETAR CONSTELLATION : <br> MASTER FUND, LTD., MAGNETAR : <br> CONSTELLATION MASTER FUND III, LTD., : <br> MAGNETAR CONSTELLATION FUND II, : <br> LTD., PALMER SQUARE 3 LIMITED, PASA : <br> FUNDING 2007-1, LTD., REVELSTOKE CDO I : <br> LTD., SILVER ELMS CDO plc, STANTON CDO : <br> I S.A., UBS ABSOLUTE RETURN BOND : <br> FUND, a fund of UBS Funds, Inc., UBS GLOBAL : <br> BOND FUND, a fund of UBS Funds, Inc., ZAIS : <br> OPPORTUNITY MASTER FUND, LTD, and : <br> DOES 1 through 100, owners of beneficial : <br> interests in the Secured Notes, : <br> : <br> Defendants. X <br> --------------------------------------------------------------- | No. 1:08 CV 00955 (LAK) |

## ANSWER OF DEFENDANTS
## UBS ABSOLUTE RETURN BOND FUND AND UBS GLOBAL BOND FUND

Defendants, UBS Absolute Return Bond Fund and UBS Global Bond Fund (collectively the "UBS Funds"), by and through their undersigned attorneys, hereby respond to the Interpleader Complaint filed by Deutsche Bank Trust Company Americas ("Deutsche Bank") as follows:

1. Admitted on information and belief.

2. Admitted that Lacrosse Financial Products, LLC ("Lacrosse") is a Delaware limited liability corporation. After reasonable investigation, the UBS Funds are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in this paragraph and they are therefore denied.

3. It is admitted that Lacrosse is identified in the Indenture as the Super Senior Counterparty. It is further admitted that a copy of the Indenture was provided to the UBS Funds. Further answering, the Indenture, being in writing, speaks for itself and the UBS Funds deny any characterization to the contrary.

4. The allegations of this paragraph are conclusions of law to which no response is required. Further answering, the Indenture, being in writing, speaks for itself and the UBS Funds deny any characterization to the contrary.

5. The allegations of this paragraph are conclusions of law to which no response is required. Further answering, the Indenture, being in writing, speaks for itself and the UBS Funds deny any characterization to the contrary.

6. The Super Senior Confirmation and the Indenture, being in writing, speak for themselves and the UBS Funds deny any characterization to the contrary.

7. Admitted on information and belief.

8. Admitted, on information and belief, that Cede & Co. is the holder of record of Secured Notes. After reasonable investigation, the UBS Funds are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and they are therefore denied. Further answering, the Indenture and the Secured

Notes, being in writing, speak for themselves and the UBS Funds deny any characterization to the contrary.

9. The Indenture, being in writing, speaks for itself and the UBS Funds deny any characterization to the contrary.

10. The allegations of this paragraph are conclusions of law to which no response is required. To the extent any response is required, the Secured Notes, being in writing, speak for themselves and the UBS Funds deny any characterization to the contrary.

11. Admitted on information and belief.

12. After reasonable investigation, the UBS Funds are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and they are therefore denied.

13. After reasonable investigation, the UBS Funds are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and they are therefore denied.

14. After reasonable investigation, the UBS Funds are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and they are therefore denied.

15. After reasonable investigation, the UBS Funds are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and they are therefore denied.

16. After reasonable investigation, the UBS Funds are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and they are therefore denied.

17. After reasonable investigation, the UBS Funds are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and they are therefore denied.

18. After reasonable investigation, the UBS Funds are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and they are therefore denied.

19. After reasonable investigation, the UBS Funds are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and they are therefore denied.

20. After reasonable investigation, the UBS Funds are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and they are therefore denied.

21. After reasonable investigation, the UBS Funds are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and they are therefore denied.

22. After reasonable investigation, the UBS Funds are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and they are therefore denied.

23. After reasonable investigation, the UBS Funds are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and they are therefore denied.

24. After reasonable investigation, the UBS Funds are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and they are therefore denied.

25. After reasonable investigation, the UBS Funds are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and they are therefore denied.

26. After reasonable investigation, the UBS Funds are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and they are therefore denied.

27. After reasonable investigation, the UBS Funds are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and they are therefore denied.

28. After reasonable investigation, the UBS Funds are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and they are therefore denied.

29. After reasonable investigation, the UBS Funds are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and they are therefore denied.

30. After reasonable investigation, the UBS Funds are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and they are therefore denied.

31. After reasonable investigation, the UBS Funds are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and they are therefore denied.

32. After reasonable investigation, the UBS Funds are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and they are therefore denied.

33. After reasonable investigation, the UBS Funds are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and they are therefore denied.

34. After reasonable investigation, the UBS Funds are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and they are therefore denied.

35. After reasonable investigation, the UBS Funds are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and they are therefore denied.

36. Admitted that UBS Absolute Return Bond Fund is a fund of The UBS Funds, a Delaware statutory trust with its principal place of business at One North Wacker Drive, Chicago, Illinois 60606.

37. It is admitted that UBS Absolute Return Bond Fund is the beneficial owner of an interest in the Class C Secured Notes held by Cede & Co. The remaining allegations of this paragraph are conclusions of law to which no response is required.

38. Admitted that UBS Global Bond Fund is a fund of The UBS Funds, a Delaware statutory trust with its principal place of business at One North Wacker Drive, Chicago, Illinois 60606.

39. It is admitted that UBS Global Bond Fund is the beneficial owner of an interest in the Class C Secured Notes held by Cede & Co. The remaining allegations of this paragraph are conclusions of law to which no response is required.

40. After reasonable investigation, the UBS Funds are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and they are therefore denied.

41. After reasonable investigation, the UBS Funds are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and they are therefore denied.

42. After reasonable investigation, the UBS Funds are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and they are therefore denied.

43. After reasonable investigation, the UBS Funds are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and they are therefore denied. Further answering, the Indenture, being in writing, speaks for itself and the UBS Funds deny any characterization to the contrary.

44. After reasonable investigation, the UBS Funds are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and they are therefore denied. Further answering, the Indenture and the "notice" referenced in

this paragraph, being in writing, speak for themselves and the UBS Funds deny any characterization to the contrary.

45. After reasonable investigation, the UBS Funds are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and they are therefore denied. Further answering, the Indenture and the "notice" referenced in this paragraph, being in writing, speak for themselves and the UBS Funds deny any characterization to the contrary.

46. The Indenture, being in writing, speaks for itself and the UBS Funds deny characterization to the contrary.

47. After reasonable investigation, the UBS Funds are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and they are therefore denied. Further answering, the Indenture, being in writing, speaks for itself and the UBS Funds deny any characterization to the contrary.

48. After reasonable investigation, the UBS Funds are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and they are therefore denied.

49. After reasonable investigation, the UBS Funds are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and they are therefore denied.

50. After reasonable investigation, the UBS Funds are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and they are therefore denied.

51. After reasonable investigation, the UBS Funds are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and they are therefore denied. Further answering, the November 7, 2007 letter from LaCrosse, being in writing, speaks for itself and the UBS Funds deny any characterization to the contrary.

52. After reasonable investigation, the UBS Funds are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and they are therefore denied. Further answering, the November 7, 2007 letter from LaCrosse and the Indenture, being in writing, speak for themselves and the UBS Funds deny any characterization to the contrary.

53. After reasonable investigation, the UBS Funds are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and they are therefore denied.

54. After reasonable investigation, the UBS Funds are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and they are therefore denied.

55. After reasonable investigation, the UBS Funds are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and they are therefore denied.

56. The November 13, 2007 letter from Deutsche Bank, being in writing, speaks for itself and the UBS Funds deny any characterization to the contrary.

57. After reasonable investigation, the UBS Funds are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and they are therefore denied.

58. Admitted on information and belief.

59. After reasonable investigation, the UBS Funds are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and they are therefore denied.

60. Admitted on information and belief.

61. After reasonable investigation, the UBS Funds are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and they are therefore denied.

62. It is admitted that Deutsche Bank is commencing this action to pursue the remedy of statutory interpleader in federal court. After reasonable investigation, the UBS Funds are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and they are therefore denied.

63. After reasonable investigation, the UBS Funds are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and they are therefore denied.

64. After reasonable investigation, the UBS Funds are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and they are therefore denied.

65. After reasonable investigation, the UBS Funds are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and they are therefore denied.

66. Admitted on information and belief.

67. The allegations of this paragraph are conclusions of law to which no response is required.

68. The allegations of this paragraph are conclusions of law to which no response is required.

69. The allegations of this paragraph are conclusions of law to which no response is required.

70. The allegations of this paragraph are conclusions of law to which no response is required.

71. The allegations of this paragraph are conclusions of law to which no response is required.

72. The allegations of this paragraph are conclusions of law to which no response is required.

73. The allegations of this paragraph are conclusions of law to which no response is required.

74. The allegations of this paragraph are conclusions of law to which no response is required.

75. The allegations of this paragraph are conclusions of law to which no response is required.

76. The allegations of this paragraph are conclusions of law to which no response is required.

77. The allegations of this paragraph are conclusions of law to which no response is required.

78. The allegations of this paragraph are conclusions of law to which no response is required.

79. The allegations of this paragraph are conclusions of law to which no response is required.

80. The allegations of this paragraph are conclusions of law to which no response is required.

81. The allegations of this paragraph are conclusions of law to which no response is required.

82. The allegations of this paragraph are conclusions of law to which no response is required.

83. The allegations of this paragraph are conclusions of law to which no response is required.

84. The allegations of this paragraph are conclusions of law to which no response is required.

85. The allegations of this paragraph are conclusions of law to which no response is required.

WHEREFORE, Defendants, the UBS Funds, respectfully request that this Court enter judgment in favor of the UBS Funds and grant the UBS Funds such other and further relief as this Court deems appropriate.

Dated:  April 30, 2008

*/s/ Leslie M. Greenspan*
Keith R. Dutill
Leslie M. Greenspan
STRADLEY RONON STEVENS & YOUNG, LLP
30 Valley Stream Parkway
Malvern, PA   19355-1481
Telephone:  (610) 640-5800
Facsimile:  (610) 640-1965
kdutill@stradley.com
lgreenspan@stradley.com

Eric Rieder
Thomas J. Schell
BRYAN CAVE LLP
1290 Avenue of the Americas
New York, NY   10104-3300
Telephone:  (212) 541-2000
Facsimile:  (212) 541-1457
ERieder@bryancave.com
TJSchell@bryancave.com

Attorneys for Defendants
UBS Absolute Return Fund and
UBS Global Bond Fund

# 746992

**BRYAN CAVE LLP**
By: Eric Rieder (ER 2021)
    Thomas J. Schell (TS 5075)
1290 Avenue of the Americas
New York, New York 10104
(212) 541-2000

*Attorneys for Defendants UBS Absolute Return Fund,*
*a fund of UBS Funds, Inc., and UBS Global Bond Fund,*
*a fund of UBS Funds, Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ X
:
DEUTSCHE BANK TRUST COMPANY :
AMERICAS, as Trustee and Securities :
Intermediary, :
:
:
Plaintiff, :
:
:
- against - :   No. 1:08 CV 00955 (LAK)
:
LACROSSE FINANCIAL PRODUCTS, LLC, :
CEDE & CO., as Holder of certain Secured Notes :
and nominee name of the Depositary Trust :   **CERTIFICATE OF SERVICE**
Company, AURELIUS CAPITAL PARTNERS, :
LP, THE BANK OF N.T. BUTTERFIELD & SON :
LIMITED, MAGNETAR CONSTELLATION :
MASTER FUND, LTD., MAGNETAR :
CONSTELLATION MASTER FUND III, LTD., :
MAGNETAR CONSTELLATION FUND II, :
LTD., PALMER SQUARE 3 LIMITED, PASA :
FUNDING 2007-1, LTD., REVELSTOKE CDO I :
LTD., SILVER ELMS CDO plc, STANTON CDO :
I S.A., UBS ABSOLUTE RETURN BOND :
FUND, a fund of UBS Funds, Inc., UBS GLOBAL :
BOND FUND, a fund of UBS Funds, Inc., ZAIS :
OPPORTUNITY MASTER FUND, LTD, and :
DOES 1 through 100, owners of beneficial :
interests in the Secured Notes, :
:
:
Defendants. :
------------------------------------------------------------ X

C068454/0219391/1480974.2

I, THOMAS J. SCHELL, hereby certify under penalty of perjury that, on April 30, 2008, I served copies of the **ANSWER OF DEFENDANTS UBS ABSOLUTE RETURN BOND FUND AND UBS GLOBAL BOND FUND** on behalf of **UBS ABSOLUTE RETURN BOND FUND, a fund of UBS Funds, Inc.**, and **UBS GLOBAL BOND FUND, a fund of UBS Funds, Inc.**, together with the exhibits attached thereto, by first class mail upon the parties listed in the attached Service List.

THOMAS J. SCHELL

## SERVICE LIST

NIXON PEABODY LLP
437 Madison Avenue
New York, NY 10022
Telephone: (212) 940-3000
Facsimile: (866) 947-2229
Attn: Christopher M. Mason, Esq.

*Attorneys for Plaintiff*
*Deutsche Bank Trust Company Americas*

EISEMAN LEVINE LEHRHAUPT &
KAKOYIANNIS, P.C.
805 Third Avenue
New York, NY 10022
(212) 752-1000
Attn: Erick P. Heichel
    Jonathan C. Marquet

*Attorneys for Cede & Co. As Nominee for The*
*Depository Trust Company*

MCKEE NELSON LLP
One Battery Park Plaza
34th Floor
New York, NY 10004
(917) 777-4343
Fax: (917)591-3047
Attn: Scott E. Eckas, Esq.
    Kevin James Biron, Esq.
Email: seckas@mckeenelson.com
    kbiron@mckeenelson.com

*Attorneys for Defendant Lacrosse*
*Financial Products LLC*

OTTERBOURG, STEINDLER, HOUSTON &
ROSEN, P.C.
230 Park Avenue
New York, NY 10169
(212) 661-9100
Fax: (917) 306-4449
Email: pfeldman@oshr.com
Attn: Peter Feldman

*Attorneys for Defendants*
*Magnetar Constellation Master Fund, Ltd.*
*Magnetar Constellation Master Fund III, Ltd.*
*and Magnetar Constellation Fund II, Ltd.*

KRAMER LEVIN NAFTALIS &
FRANKEL LLP
1177 Avenue of the Americas
New York, NY 10036
(212) 715-9100
Fax: (212) 715-8000
Email: afriedman@kramerlevin.com
Attn: Alan R. Friedman

*Attorneys for Defendant*
*Aurelius Capital Partners, LP*

C068454/0219391/1480974.2

| | |
|---|---|
| THE BANK OF N.T. BUTTERFIELD & SON, LTD.<br>65 Front Street<br>Hamilton, Bermuda HM AX | PALMER SQUARE 3 LIMITED<br>5 Harbourmaster Place<br>International Financial Services Center<br>Dublin 1, Ireland |
| THE BANK OF N.T. BUTTERFIELD & SON, LTD.<br>c/o Butterfield Corporate Services Limited<br>Rosebank Centre<br>11 Bermudiana Road<br>Pembroke<br>Bermuda | |
| PASA FUNDING 2007-1 LTD.<br>c/o OGIER FIDUCIARY SERVICES (CAYMAN) LIMITED<br>P.O. Box 1234 GT<br>Queensgate House<br>113 South Church Street<br>George Town, Grand Cayman KYI-1108<br>Cayman Islands,<br>The British West Indies | REVELSTOKE CDO 1 LTD<br>c/o MAPLES FINANCE LIMITED<br>P.O. Box 1093 GT<br>Queensgate House<br>113 South Church Street<br>George Town, Grand Cayman KY1-1108<br>Cayman Islands,<br>The British West Indies |
| SILVER ELMS CDO PLC<br>c/o DEUTSCHE INTERNATIONAL CORPORATE SERVICES (IRELAND) LIMITED<br>5 Harbourmaster Place<br>International Financial Services Center<br>Dublin 1, Ireland | STANTON CDO I.S.A<br>c/o OMICRON INVESTMENT MANAGEMENT GmbH<br>Herrengasse 1-3<br>1010 Vienna<br>AUSTRIA |
| ZAIS OPPORTUNITY MASTER FUND, LTD<br>c/o DEUTSCHE BANK (CAYMAN) LIMITED<br>P.O. Box 1984 GT<br>Boundry Hall, Cricket Square<br>171 Elgin Ave<br>George Town<br>Grand Cayman Islands<br>The British West Indies | |

4