UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - -   X

DEUTSCHE BANK TRUST COMPANY
AMERICAS, as Trustee and Securities
Intermediary,

Plaintiff,

- against -

LACROSSE FINANCIAL PRODUCTS, LLC, CEDE & CO.,
as Holder of certain Secured Notes and nominee name of the
Depositary Trust Company, AURELIUS CAPITAL
PARTNERS, LP, THE BANK OF N.T. BUTTERFIELD &
SON LIMITED, MAGNETAR CONSTELLATION
MASTER FUND, LTD., MAGNETAR CONSTELLATION
MASTER FUND III, LTD., MAGNETAR
CONSTELLATION FUND II, LTD., PALMER SQUARE 3
LIMITED, PASA FUNDING 2007-1, LTD., REVELSTOKE
CDO I LTD., SILVER ELMS CDO plc, STANTON CDO I
S.A., UBS ABSOLUTE RETURN BOND FUND, a fund of
UBS Funds, Inc., UBS GLOBAL BOND FUND, a fund of
UBS Funds, Inc., ZAIS OPPORTUNITY MASTER FUND,
LTD, and DOES 1 through 100, owners of beneficial interests
in the Secured Notes,

Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - -   X

:
:   Case No. 08 CV 0955
:   (LAK) (DCF)
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:

**ANSWER OF MAGNETAR CONSTELLATION MASTER FUND, LTD,
MAGNETAR CONSTELLATION FUND II, LTD AND MAGNETAR
CONSTELLATION MASTER FUND III, LTD, TO INTERPLEADER
COMPLAINT AND AFFIRMATIVE DEFENSE**

Interpleader Defendants MAGNETAR CONSTELLATION MASTER FUND, LTD,

MAGNETAR CONSTELLATION FUND II, LTD and MAGNETAR CONSTELLATION

MASTER FUND III, LTD, (collectively referred to at times as, "Magnetar"), through their

undersigned counsel, Otterbourg, Steindler, Houston & Rosen, P.C., as and for their Answer to

the Interpleader Complaint ("Complaint") filed by Interpleader Plaintiff DEUTSCHE BANK

TRUST COMPANY AMERICAS, as Trustee and Securities Intermediary (the "Trustee") of the

Indenture dated March 15, 2007, between and among Plaintiff Deutsche Bank Trust Company Americas, as Trustee and Securities Intermediary, Sagittarius CDO I Ltd., as Issuer and Sagittarius CDO I LLC, as Co-Issuer, (the "Indenture"), respectfully allege as follows:

1.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint.

2.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the Complaint.

3.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of the Complaint., and respectfully refer the Court to the Indenture for the complete terms and conditions thereof.

4.      Deny the allegations contained in Paragraph 4 of the Complaint, except admit that LaCrosse Financial Products, LLC ("LaCrosse"), as Super Senior Counterparty, is subject to the applicable terms and conditions of the Indenture as properly interpreted, and respectfully refer the Court to the Indenture for the complete terms and conditions thereof.

5.      Deny the allegations contained in Paragraph 5 of the Complaint, except admit that LaCrosse is a party to the Super Senior Facility Agreement, and respectfully refer the Court to the Super Senior Facility Agreement for the complete terms and conditions thereof.

6.      Deny the allegations contained in Paragraph 6 of the Complaint, and respectfully refer the Court to the relevant documents for the complete terms and conditions thereof.

7.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Complaint.

8.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Complaint.

9.    Deny the allegations contained in Paragraph 9 of the Complaint, except admit that each one of the nine classes of secured notes established by the Indenture (the "Secured Notes"), differs from each other class of Secured Notes with respect to, without limitation, the amount and priority of payment of principal and interest to which it is entitled under the Indenture, and respectfully refer the Court to the Indenture and the Secured Notes for the complete terms and conditions thereof.

10.    Deny knowledge or information sufficient to respond to the allegations contained in Paragraph 10 of the Complaint, except admit that the Secured Notes are issued pursuant to the terms of the Indenture, that the terms of the Indenture are incorporated by reference in the Secured Notes, and respectfully refer the Court to the Secured Notes and the Indenture for the complete terms and conditions thereof.

11.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Complaint.

12.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Complaint.

13.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the Complaint.

14.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Complaint.

15.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the Complaint.

16.    Admit the allegations contained in Paragraph 16 of the Complaint.

17.    Admit the allegations contained in Paragraph 17 of the Complaint to the extent that it alleges that Magnetar Constellation Master Fund, Ltd is the beneficial owner of an interest in the Class D-3, E and X Secured Notes held by Cede & Co., and aver that the remainder of the Paragraph is a legal conclusion to which no response is required.

18.    Admit the allegations contained in Paragraph 18 of the Complaint.

19.    Admit the allegations contained in Paragraph 19 of the Complaint.

20.    Admit the allegations contained in Paragraph 20 of the Complaint to the extent that it alleges that Magnetar Constellation Master Fund III, Ltd is the beneficial owner of an interest in the Class D-3, E and X Secured Notes held by Cede & Co., and aver that the remainder of the Paragraph is a legal conclusion to which no response is required.

21.    Admit the allegations contained in Paragraph 21 of the Complaint.

22.    Admit the allegations contained in Paragraph 22 of the Complaint.

23.    Admit the allegations contained in Paragraph 23 of the Complaint to the extent that Magnetar Constellation Fund II, Ltd is the beneficial owner of an interest in the Class D-3, E and X Secured Notes held by Cede & Co., and aver that the remainder of the Paragraph is a legal conclusion to which no response is required.

24.    Admit the allegations contained in Paragraph 24 of the Complaint.

25.    Admit the allegations contained in Paragraph 25 of the Complaint.

26.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 of the Complaint.

27.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 of the Complaint.

28.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 of the Complaint.

29.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 of the Complaint.

30.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 of the Complaint.

31.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 of the Complaint.

32.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 of the Complaint.

33.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 of the Complaint.

34.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34 of the Complaint.

35.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35 of the Complaint.

36.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36 of the Complaint.

37.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37 of the Complaint.

38.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 38 of the Complaint.

39.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39 of the Complaint.

40.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 40 of the Complaint.

41.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 41 of the Complaint.

42.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 42 of the Complaint.

43.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 43 of the Complaint.

44.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 44 of the Complaint, except admit that by letter dated November 6, 2007, MBIA Insurance Corporation ("MBIA"), the Super Senior Guarantor and an affiliate of LaCrosse, purportedly acting on behalf of LaCrosse as the Super Senior Counterparty and as representative of holders of more than 50% of the Specified Aggregate Balance (voting as a single class), as such term is defined in the Indenture, purported to direct the Trustee to (a)

declare the principal of certain notes to be immediately due and payable and (b) terminate the Reinvestment Period.

45.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 45 of the Complaint.

46.     Deny the allegations contained in Paragraph 46 of the Complaint, except admit that under the Indenture the Trustee has certain duties and obligations concerning retention of the Collateral and the collection of interest and principal proceeds therefrom (the "Interest Proceeds" and "Principal Proceeds", respectively), and respectfully refer the Court to the Indenture for the complete terms and conditions thereof.

47.     Deny the allegations contained in Paragraph 47 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning the Trustee's conduct regarding the application of proceeds of the Collateral, and respectfully refer the Court to the Indenture for the complete terms and conditions thereof.

48.     Admit the allegations contained in Paragraph 48 of the Complaint.

49.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 49 of the Complaint.

50.     Deny the allegations contained in Paragraph 50 of the Complaint, except admit that a dispute has arisen between or among certain defendants in this Action concerning, without limitation, their respective rights in and to the Interest Proceeds and Principal Proceeds, as of November 13, 2007 and subsequent Distribution Dates, and respectfully refer the Court to the Indenture for the complete terms and conditions thereof.

51.    Deny the allegations contained in Paragraph 51 of the Complaint, except admit that the dispute in this action arose, in part, because in a letter dated November 7, 2007 (the "November 7 Notice"), MBIA, on behalf of LaCrosse, purported, among other things, to direct the Trustee not to pay Interest Proceeds or Principal Proceeds to any "Subordinate Interests," as defined in Section 13.1(a) of the Indenture, before application of all amounts that LaCrosse alleges are purportedly payable to it pursuant to Section 11.1(a)(i) and (ii) of the Indenture, and respectfully refer the Court to the Indenture for the complete terms thereof.

52.    Deny the allegations contained in Paragraph 52 of the Complaint, and respectfully refer the Court to the November 7 Notice and the Indenture for the complete terms and conditions thereof.

53.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 53 of the Complaint as to Butterfield Asset Management Limited and one or more of the other Defendants or Doe Defendants, but admit that Magnetar's position is that LaCrosse's interpretation of the Indenture as set forth in the November 7 Notice is neither reasonable nor correct, and that, as a result, a portion of the funds held in escrow by the Trustee pending the determination of this lawsuit (the "Interpleader Escrow") should be paid to Magnetar in accordance with the terms of the Indenture.

54.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 54 of the Complaint.

55.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 55 of the Complaint.

56.     Deny the allegations contained in Paragraph 56 of the Complaint, except admit that by informational notice dated November 13, 2007, the Trustee notified the Registered Holders of the Secured Notes and the subordinated notes issued by the Trustee on behalf of the Issuers, the Super Senior Counterparty and certain other entities, that because of conflicting claims concerning distribution of Interest Proceeds and Principal Proceeds, the Trustee established the Interpleader Escrow for all such Proceeds remaining after payment of certain amounts pursuant to Sections 11.1(a)(i)(1) through (7) in respect of Interest Proceeds and Sections 11.1(a)(ii)(1) and the first clause of (2) in respect of Principal Proceeds, until resolution of the conflicting claims.

57.     Deny the allegations contained in Paragraph 57 of the Complaint, except admit that the Trustee filed the interpleader action in the Supreme Court of New York in and for New York County entitled *Deutsche Bank Trust Co. Am. v. LaCrosse Fin. Prods. LLC*, Index No. 07116014 (N.Y. Sup.Ct. Dec. 3, 2007).

58.     Admit the allegations contained in Paragraph 58 of the Complaint.

59.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 59 of the Complaint.

60.     Admit the allegations contained in Paragraph 60 of the Complaint.

61.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 61 of the Complaint.

62.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 62 of the Complaint.

63.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 63 of the Complaint.

64.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 64 of the Complaint.

65.     Admit the allegations contained in Paragraph 65 of the Complaint.

66.     Admit the allegations contained in Paragraph 66 of the Complaint.

67.     The allegations contained in Paragraph 67 of the Complaint contain a legal conclusion to which a response is not required.

68.     The allegations contained in Paragraph 68 of the Complaint contain a legal conclusion, not an allegation of fact to which a response is required, however, if a response is required, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

69.     The allegations contained in Paragraph 69 of the Complaint contain a legal conclusion, not an allegation of fact to which a response is required, however, if a response is required, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

70.     The allegations contained in Paragraph 70 of the Complaint contain a legal conclusion, not an allegation of fact to which a response is required, however, if a response is required, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

71.     The allegations contained in Paragraph 71 of the Complaint contain a legal conclusion, not an allegation of fact to which a response is required, however, if a response is

required, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

72.     Deny the allegations contained in Paragraph 72 of the Complaint, except admit that Magnetar Constellation Master Fund, Ltd agreed to accept service of the Summons and the Complaint subject to certain reservations of rights, and aver that the assertion of personal jurisdiction pursuant to 28 U.S.C. §§ 1335(a) and 2361 is a legal conclusion, not an allegation of fact requiring a response.

73.     Deny the allegations contained in Paragraph 73 of the Complaint, except admit that Magnetar Constellation Master Fund III, Ltd, agreed to accept service of the summons and complaint subject to certain reservations of rights, and aver that the assertion of personal jurisdiction pursuant to 28 U.S.C. §§ 1335(a) and 2361 is a legal conclusion, not an allegation of fact requiring a response.

74.     Deny the allegations contained in Paragraph 74 of the Complaint, except admit that Magnetar Constellation Fund II, Ltd, agreed to accept service of the summons and Complaint subject to certain reservations of rights, and aver that the assertion of personal jurisdiction pursuant to 28 U.S.C. §§ 1335(a) and 2361 is a legal conclusion, not an allegation of fact requiring a response.

75.     The allegations contained in Paragraph 75 of the Complaint contain a legal conclusion, not an allegation of fact to which a response is required, however, if a response is required, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

76.     The allegations contained in Paragraph 76 of the Complaint contain a legal conclusion, not an allegation of fact to which a response is required, however, if a response is required, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

77.     The allegations contained in Paragraph 77 of the Complaint contain a legal conclusion, not an allegation of fact to which a response is required, however, if a response is required, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

78.     The allegations contained in Paragraph 78 of the Complaint contain a legal conclusion, not an allegation of fact to which a response is required, however, if a response is required, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

79.     The allegations contained in Paragraph 79 of the Complaint contain a legal conclusion, not an allegation of fact to which a response is required, however, if a response is required, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

80.     The allegations contained in Paragraph 80 of the Complaint contain a legal conclusion, not an allegation of fact to which a response is required, however, if a response is required, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

81.     The allegations contained in Paragraph 81 of the Complaint contain a legal conclusion, not an allegation of fact to which a response is required, however, if a response is

required, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

82.    The allegations contained in Paragraph 82 of the Complaint contain a legal conclusion, not an allegation of fact to which a response is required, however, if a response is required, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

83.    The allegations contained in Paragraph 83 of the Complaint contain a legal conclusion, not an allegation of fact to which a response is required, however, if a response is required, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

84.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 84 of the Complaint.

85.    Deny knowledge or information sufficient to respond to the allegations contained in Paragraph 85 of the Complaint.

### AS AND FOR ITS FIRST AFFIRMATIVE DEFENSE AND AFFIRMATIVE CLAIM TO THE INTERPLEADER ESCROW AND FUTURE DISTRIBUTIONS

By way of affirmative claim to their share of the funds now or in the future held in the Interpleader Escrow, or distributed on any Distribution Date in accordance with the Indenture, and in further response to the Complaint in this action, the Magnetar Defendants allege as follows:

86.    The Magnetar Defendants are the beneficial owners of interests in certain of the Notes issued in accordance with the Indenture or related documents, including Secured Notes in Classes D-3, E and X, and Subordinated Notes.

87.    Upon information and belief, LaCrosse is the "Super Senior Counterparty" under the Indenture and party to a swap transaction with the Issuer in the form of a 1992 ISDA Master Agreement, Schedule and Confirmation for Super Senior Transaction, dated March 15, 2007 (the "Super Senior Facility Agreement").

88.    In accordance with the Super Senior Facility Agreement, all rights and consents belonging to LaCrosse under, *inter alia*, such Agreement and the Indenture, shall be exercised by MBIA, the Super Senior Guarantor.

89.    Pursuant to the Indenture and the Super Senior Facility Agreement, under certain circumstances, the Super Senior Counterparty is obligated to make Net Senior Credit Protection Payments to the Issuer.  Upon information and belief, the Super Senior Counterparty has not made any Net Senior Credit Protection Payments.

90.    Under the terms of the Indenture and certain related agreements, in or around March 15, 2007, the Trustee, on behalf of the Issuers, caused the issuance and sale of nine classes of Secured Notes, secured by a pool of collateral (the "Collateral"), and one class of subordinated notes ("Subordinated Notes" and together with the Secured Notes, the "Notes").

91.    Interest Proceeds and Principal Proceeds (collectively, "Proceeds") collected by the Trustee from the Collateral are paid by the Trustee, on behalf of the Issuer, on a date each month (each, a "Distribution Date") in the order and amount set forth in Section 11.1(a) of the Indenture (the "Priority of Payments").  The Priority of Payments contains a waterfall for distribution of Interest Proceeds in Section 11.1(a)(i) (the "Interest Waterfall") and a waterfall for the distribution of Principal Proceeds in Section 11.1(a)(ii) (the "Principal Waterfall"), among others.

92.     This Action concerns a dispute between and among LaCrosse as the Super Senior Counterparty, Magnetar and, upon information and belief, one or more other holders of Notes (the "Noteholders"), concerning distribution of Proceeds by the Trustee.

93.     Upon information and belief, the Super Senior Counterparty contends that after certain payments are made, all Interest Proceeds and Principal Proceeds must be remitted to it, or to the Permanent Reduction Reserve Account, before any Interest Proceeds or Principal Proceeds are remitted to any of the Noteholders, including Magnetar.

94.     Based upon the applicable documents, LaCrosse's position is neither reasonable nor correct, and the Noteholders, including Magnetar, are to receive distribution of Proceeds in accordance with the Priority of Payments of Section 11.1(a)(i) and (ii) of the Indenture.

95.     By Notice dated November 6, 2007 the Trustee purported to notify the Registered Holders of Notes of Sagittarius CDO I Ltd and certain additional addressees, including, without limitation, LaCrosse, that an Event of Default under Section 5.1(j) of the Indenture had occurred.

96.     Pursuant to Section 5.2(a) of the Indenture, upon an Event of Default under Section 5.1(j), and upon receipt of a notice from the Holders of more than 50% of the Specified Aggregate Balance, voting together as a single class, the Trustee, by a notice to the Issuers, *may* elect to (a) declare the principal of the Notes to be immediately due and payable and (b) terminate the Reinvestment Period.

97.     By letter dated November 6, 2007, MBIA, on behalf of LaCrosse, purportedly representing holders of more than 50% of the Specified Aggregate Balance, voting together as a single class, asserted that it was directing the Trustee to (a) declare the principal of the Notes to be immediately due and payable and (b) terminate the Reinvestment Period.

98.     By Notice to the Trustee dated November 7, 2007 (the "November 7 Notice"), MBIA, on behalf of LaCrosse, purported, among other things, to direct the Trustee not to pay Interest Proceeds or Principal Proceeds to any "Subordinate Interests," as defined in Section 13.1(a) of the Indenture, before application of all amounts that MBIA erroneously alleged were payable to LaCrosse pursuant to Section 11.1(a)(i) and (ii) of the Indenture.

99.     Even assuming that an Event of Default under Section 5.1(j) had occurred as of November 6, 2007, upon information and belief, at the time that MBIA sent the November 7 Notice to the Trustee, the Trustee had not issued the notice to the Issuers, as is provided for under Section 5.2(a), in order to elect to accelerate the Notes and to terminate the Reinvestment Period as of such date.

100.    The application of Interest Proceeds and Principal Proceeds demanded by MBIA on behalf of LaCrosse in the November 7 Notice included the deposit into the Permanent Reduction Reserve Account of all Proceeds, both Interest Proceeds and Principal Proceeds, until the Senior Notional Amount is reduced to zero.

101.    Upon information and belief, deposits made into the Permanent Reduction Reserve Account, as demanded in the November 7 Notice, would reduce the obligations of LaCrosse as Super Senior Counterparty (and MBIA's potential obligation as Super Senior Guarantor) to make Net Senior Credit Protection Payments on a dollar for dollar basis, and, based upon current values of the underlying Collateral, would exhaust all Proceeds such that no Proceeds would be available at any time thereafter to make any distributions of either Interest Proceeds or Principal Proceeds to any of the Noteholders.

102.    LaCrosse's position, as set forth in the November 7 Notice, is neither a reasonable nor a correct interpretation of the Indenture because, among other things and without limitation:

(a)    even assuming that an Event of Default under 5.1(j) had occurred as of November 7, 2007, the Notes had not been properly accelerated nor had the Reinvestment Period been terminated;

(b)    even if it were applicable, Section 13.1 does not provide for the distribution of Proceeds other than in accordance with the Priority of Payments set forth in Section 11.1(a); and

(c)    deposits into the Permanent Reduction Reserve Account are not amounts payable to LaCrosse as MBIA has asserted.

103.    By reason of the foregoing, all amounts of Interest Proceeds and Principal Proceeds held in, or to be deposited into the Interpleader Escrow as of the date hereof, and as are or should be deposited hereafter, must be distributed to Magnetar and the other Noteholders in accordance with the Priority of Payments set forth in Section 11.1(a)(i) and (ii).

WHEREFORE, Interpleader Defendants Magnetar Constellation Master Fund, Ltd, Magnetar Constellation Fund II, Ltd and Magnetar Constellation Master Fund III, Ltd demand judgment:

A. In their favor and against all adverse interpleader defendants and requiring the

distribution of all Proceeds that have been, should be or will be deposited in the

Interpleader Escrow as aforesaid;

B. Awarding them their costs and attorneys' fees incurred in defending this action to the

full extent allowed by law; and

C. Awarding them such other and further relief as this Court deems just and proper.

Dated: New York, New York
      April 30, 2008

OTTERBOURG, STEINDLER, HOUSTON &
ROSEN, P.C.

By: _____
         Peter Feldman (PF-3271)

230 Park Avenue
New York, New York 10169
(212) 661-9100
Fax (212) 682-6104
Email: pfeldman@oshr.com

*Attorneys for Interpleader Defendants
Magnetar Constellation Master Fund, Ltd,
Magnetar Constellation Master Fund III, Ltd
and Magnetar Constellation Fund II, Ltd*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served on all counsel of record in this matter via the Court's Electronic Case Filing System on this 30th day of April, 2008, as well as on the parties on the attached service list in the manner so indicated.

_____
Peter Feldman

## SERVICE LIST

| | |
|---|---|
| Christopher May Mason, Esq.<br>c/o Nixon Peabody LLP<br>437 Madison Avenue<br>New York, New York 10022<br>*Attorneys for Plaintiff Deutsche Bank Trust*<br>*Company Americas*<br><br>*Via ECF and U.S. Mail* | Scott E. Eckas, Esq.<br>Kevin J. Biron, Esq.<br>c/o McKee Nelson LLP<br>One Battery Park Plaza, 34th Floor<br>New York, NY 10004<br>*Attorneys for Defendant LaCrosse Financial*<br>*Products LLC*<br><br>*Via ECF and U.S. Mail* |
| Eric Heichel, Esq.<br>Eiseman Levine Lehrhaupt & Kakoyiannis<br>805 Third Avenue, 10th Floor<br>New York, NY 10022<br>*Attorneys for Defendant Cede & Co.*<br><br>*Via ECF and U.S. Mail* | Alan R. Friedman, Esq.<br>Kramer Levin Naftalis & Frankel LLP<br>1177 Avenue of the Americas<br>New York, New York 10036<br>*Attorneys for Aurelius Capital Partners, LP*<br><br>*Via ECF and U.S. Mail* |
| Keith R. Dutill, Esq.<br>Stradley, Ronon, Stevens & Young, LLP (PA)<br>2600 One Commerce Square<br>Philadelphia, PA 19103-7098<br>*Attorneys for UBS Absolute Return Bond Fund and*<br>*UBS Global Bond Fund*<br><br>*Via ECF and U.S. Mail* | Thomas James Schell, Esq.<br>Bryan Cave LLP (NY)<br>1290 Avenue of Americas<br>New York, NY 10104<br>*Attorneys for UBS Absolute Return Bond Fund and*<br>*UBS Global Bond Fund*<br><br>*Via ECF and U.S. Mail* |
| Palmer Square 3 Limited<br>5 Harbourmaster Place<br>International Financial Services Centre<br>Dublin 1, Ireland<br><br>*Via Federal Express* | Revelstoke CDO I Ltd.<br>c/o Maples Finance Limited<br>P.O. Box 1093 GT<br>Queensgate House, South Church Street<br>George Town, Grand Cayman KY1-1108<br>Cayman Islands, The British West Indies<br><br>*Via Federal Express* |
| The Bank of N.T. Butterfield & Son Limited<br>65 Front Street<br>Hamilton, Bermuda HM AX<br><br><br>*Via Federal Express* | Stanton CDO I S.A.<br>c/o Omicron Investment Management GmbH<br>Herrengasse 1-3<br>1010 Vienna, Austria<br><br><br>*Via Federal Express* |

**Continued on Next Page**

| | |
|---|---|
| PASA Funding 2007-1, Ltd.<br>c/o Ogier Fiduciary Services (Cayman) Limited<br>P.O. Box 1234 GT<br>Queensgate House, South Church Street<br>George Town, Grand Cayman KY1-1108<br>Cayman Islands, The British West Indies<br><br>*Via Federal Express* | Silver Elms CDO plc<br>c/o Deutsche International Corporate Services<br>(Ireland) Limited<br>5 Harbourmaster Place<br>International Financial Services Centre<br>Dublin 1, Ireland<br><br>*Via Federal Express* |
| ZAIS Opportunity Master Fund, LTD<br>P.O. Box 1984 GT<br>Elizabeth Square, George Town<br>Grand Cayman Islands,<br>The British West Indies<br><br>*Via Federal Express* | |