**MCKEE NELSON LLP**
Scott E. Eckas (SE 7479)
Kevin J. Biron (KB 1030)
One Battery Park Plaza
New York, NY 10004
Tel: (917) 777-4200
Fax: (917) 777-4299

*Attorneys for Interpleader Defendant*
*LaCrosse Financial Products, LLC*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DEUTSCHE BANK TRUST COMPANY AMERICAS, as Trustee and Securities Intermediary,<br><br>    Plaintiff,<br><br>  - against -<br><br>LACROSSE FINANCIAL PRODUCTS, LLC, CEDE & CO., as Holder of certain Secured Notes and nominee name of the Depository Trust Company, AURELIUS CAPITAL PARTNERS, LP, THE BANK OF N.T. BUTTERFIELD & SON LIMITED, MAGNETAR CONSTELLATION MASTER FUND, LTD., MAGNETAR CONSTELLATION MASTER FUND III, LTD., MAGNETAR CONSTELLATION FUND II, LTD., PALMER SQUARE 3 LIMITED, PASA FUNDING 2007-1, LTD., REVELSTOKE CDO I LTD., SILVER ELMS CDO plc, STANTON CDO I S.A., UBS ABSOLUTE RETURN BOND FUND, a fund of UBS Funds, Inc., UBS GLOBAL BOND FUND, a fund of UBS Funds, Inc., ZAIS OPPORTUNITY MASTER FUND, LTD, and DOES 1 through 100, owners of beneficial interests in the Secured Notes,<br><br>    Defendants. | Case No.: 1:08 CV 0955 (LAK)<br><br>Honorable Lewis A. Kaplan<br><br>**Electronically Filed** |

**ANSWER AND AFFIRMATIVE DEFENSES**
**OF LACROSSE FINANCIAL PRODUCTS, LLC**

Interpleader Defendant LaCrosse Financial Products, LLC ("LaCrosse"), by its undersigned attorneys, as and for its Answer and Affirmative Defenses to the Interpleader Complaint (the "Complaint") of Plaintiff Deutsche Bank Trust Company Americas ("Deutsche Bank"), states as follows:

**ANSWER**

1. Admitted.[1]

2. Admitted.

3. LaCrosse admits the allegations contained in the first sentence of paragraph 3 of the Complaint. LaCrosse denies knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 3 of the Complaint. By way of further response, LaCrosse refers to the *entire* Indenture (as defined in the Complaint) which speaks for itself.

4. LaCrosse admits the allegations contained in paragraph 4 of the Complaint except LaCrosse denies that it seeks to direct Deutsche Bank to make payments or deposits of Interest Proceeds[2] and Principal Proceeds based on a particular interpretation of Section 13.1 of the Indenture (the "Subordination Provisions") and Section 11.1 of the Indenture (the "Waterfall Provisions"). By way of further response, LaCrosse directed Deutsche Bank to make payments or deposits of Interest Proceeds and Principal Proceeds in accordance with the *entire* Indenture. LaCrosse is the Super Senior Counterparty and constitutes the Controlling Class. Pursuant to the

---

[1] To the extent LaCrosse admits any of the allegations set forth in the Complaint, those admissions are made for purposes of this Answer only and shall not be construed as an admission for any other purpose in this or any other action.

[2] Each capitalized term used but not defined herein shall have the meaning ascribed to such term in the Indenture.

Indenture, because an Event of Default has not been cured or waived and acceleration has occurred in accordance with Article 5 of the Indenture, all amounts payable to the Super Senior Counterparty (including, but not limited to, any Unreimbursed Senior Credit Protection Payments and deposits to the Permanent Reduction Reserve Account until the Super Senior Notional Amount is reduced to zero) must be paid in full before any further payment or distribution is made on account of the Class S Notes, the Class A Notes, the Class B Notes, the Class C Notes, the Class D-1 Notes, the Class D-2 Notes, the Class D-3 Notes, the Class E Notes, the Class X Notes, and the Subordinated Notes (collectively, the "Subordinate Interests").

5. LaCrosse admits that (i) it is subject to the Indenture and a party to the Super Senior Facility Agreement and (ii) the Issuer has assigned the Super Senior Facility Agreement to Deutsche Bank pursuant to the Indenture. LaCrosse denies the remaining allegations contained in paragraph 5 of the Complaint. By way of further response, LaCrosse refers to the *entire* Indenture and the *entire* Super Senior Facility Agreement, which speak for themselves.

6. LaCrosse denies the allegations contained in the first sentence of paragraph 6 of the Complaint. LaCrosse denies knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 6 of the Complaint. By way of further response, LaCrosse refers to the *entire* Indenture and the *entire* Super Senior Facility Agreement, which speak for themselves. The Super Senior Facility Agreement provides, in Part IV of the confirmation (the "Super Senior Confirmation") – which supplements, forms part of, and is subject to, the 1992 Master Agreement, dated March 15, 2007, between Sagittarius CDO I Ltd. and LaCrosse – for the derivative transaction referenced therein, that no amount shall be paid to LaCrosse thereunder except in accordance with the Priority of Payments, and further provides, in

the introduction to the Super Senior Confirmation, that the Super Senior Confirmation incorporates the definitions contained in the Indenture.

7. Admitted.

8. Admitted.

9. Admitted.

10. LaCrosse admits the allegations contained in the first sentence of paragraph 10 of the Complaint. LaCrosse denies knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 10 of the Complaint.

11. Admitted.

12. Admitted.

13. Admitted.

14. Admitted.

15. Admitted.

16. Admitted.

17. Admitted.

18. Admitted.

19. Admitted.

20. Admitted.

21. Admitted.

22. Admitted.

23. Admitted.

24. Admitted.

25. Admitted.

26. Admitted.

27. Admitted.

28. Admitted.

29. Admitted.

30. Admitted.

31. Admitted.

32. Admitted.

33. Admitted.

34. Admitted.

35. Admitted.

36. Admitted.

37. Admitted.

38. Admitted.

39. Admitted.

40. Admitted.

41. Admitted.

42. LaCrosse denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 42 of the Complaint.

43. Admitted.

44. Denied. By way of further response, LaCrosse, as the holder of more than 50% of the Specified Aggregate Balance and pursuant to Section 5.2 of the Indenture, directed Deutsche Bank, *inter alia*, to declare the principal of all the Notes to be immediately due and payable.

45. Admitted.

46.  Admitted.  By way of further response, LaCrosse refers to the *entire* Indenture which speaks for itself.

47.  LaCrosse denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 47 of the Complaint.  By way of further response, LaCrosse refers to the *entire* Indenture which speaks for itself.  LaCrosse is the Super Senior Counterparty and constitutes the Controlling Class.  Pursuant to the Indenture, because an Event of Default has not been cured or waived and acceleration has occurred in accordance with Article 5 of the Indenture, all amounts payable to the Super Senior Counterparty (including, but not limited to, any Unreimbursed Senior Credit Protection Payments and deposits to the Permanent Reduction Reserve Account until the Super Senior Notional Amount is reduced to zero) must be paid in full before any further payment or distribution is made on account of the Subordinate Interests.

48.  Admitted.

49.  LaCrosse denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 49 of the Complaint.  By way of further response, LaCrosse refers to the *entire* Indenture which speaks for itself.  LaCrosse is the Super Senior Counterparty and constitutes the Controlling Class.  Pursuant to the Indenture, because an Event of Default has not been cured or waived and acceleration has occurred in accordance with Article 5 of the Indenture, all amounts payable to the Super Senior Counterparty (including, but not limited to, any Unreimbursed Senior Credit Protection Payments and deposits to the Permanent Reduction Reserve Account until the Super Senior Notional Amount is reduced to zero) must be paid in full before any further payment or distribution is made on account of the Subordinate Interests.

50.  Admitted.  By way of further response, LaCrosse refers to the *entire* Indenture which speaks for itself.  LaCrosse is the Super Senior Counterparty and constitutes the

Controlling Class. Pursuant to the Indenture, because an Event of Default has not been cured or waived and acceleration has occurred in accordance with Article 5 of the Indenture, all amounts payable to the Super Senior Counterparty (including, but not limited to, any Unreimbursed Senior Credit Protection Payments and deposits to the Permanent Reduction Reserve Account until the Super Senior Notional Amount is reduced to zero) must be paid in full before any further payment or distribution is made on account of the Subordinate Interests.

51.     LaCrosse denies the allegations contained in the first sentence of paragraph 51 of the Complaint. LaCrosse denies knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 51 of the Complaint. By way of further response, LaCrosse refers to the letter, dated November 7, 2007, LaCrosse sent to Deutsche Bank and the *entire* Indenture, which speak for themselves. LaCrosse is the Super Senior Counterparty and constitutes the Controlling Class. Pursuant to the Indenture, because an Event of Default has not been cured or waived and acceleration has occurred in accordance with Article 5 of the Indenture, all amounts payable to the Super Senior Counterparty (including, but not limited to, any Unreimbursed Senior Credit Protection Payments and deposits to the Permanent Reduction Reserve Account until the Super Senior Notional Amount is reduced to zero) must be paid in full before any further payment or distribution is made on account of the Subordinate Interests.

52.     Admitted. By way of further response, LaCrosse refers to the *entire* Indenture which speaks for itself. LaCrosse is the Super Senior Counterparty and constitutes the Controlling Class. Pursuant to the Indenture, because an Event of Default has not been cured or waived and acceleration has occurred in accordance with Article 5 of the Indenture, all amounts payable to the Super Senior Counterparty (including, but not limited to, any Unreimbursed Senior Credit Protection Payments and deposits to the Permanent Reduction Reserve Account

until the Super Senior Notional Amount is reduced to zero) must be paid in full before any further payment or distribution is made on account of the Subordinate Interests.

53.    LaCrosse denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 53 of the Complaint.  By way of further response, LaCrosse refers to the *entire* Indenture which speaks for itself.  LaCrosse is the Super Senior Counterparty and constitutes the Controlling Class.  Pursuant to the Indenture, because an Event of Default has not been cured or waived and acceleration has occurred in accordance with Article 5 of the Indenture, all amounts payable to the Super Senior Counterparty (including, but not limited to, any Unreimbursed Senior Credit Protection Payments and deposits to the Permanent Reduction Reserve Account until the Super Senior Notional Amount is reduced to zero) must be paid in full before any further payment or distribution is made on account of the Subordinate Interests.

54.    LaCrosse denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 54 of the Complaint.  By way of further response, LaCrosse refers to the *entire* Indenture which speaks for itself.  LaCrosse is the Super Senior Counterparty and constitutes the Controlling Class.  Pursuant to the Indenture, because an Event of Default has not been cured or waived and acceleration has occurred in accordance with Article 5 of the Indenture, all amounts payable to the Super Senior Counterparty (including, but not limited to, any Unreimbursed Senior Credit Protection Payments and deposits to the Permanent Reduction Reserve Account until the Super Senior Notional Amount is reduced to zero) must be paid in full before any further payment or distribution is made on account of the Subordinate Interests.

55.    LaCrosse denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 55 of the Complaint.  By way of further response, LaCrosse refers to the *entire* Indenture which speaks for itself.

56. LaCrosse denies the allegations contained in the first sentence of paragraph 56 of the Complaint. LaCrosse denies knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 56 of the Complaint. By way of further response, LaCrosse refers to the notice, dated November 13, 2007, sent by Deutsche Bank and the *entire* Indenture, which speak for themselves.

57. Admitted.

58. Admitted.

59. LaCrosse denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 59 of the Complaint.

60. Admitted.

61. LaCrosse denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 61 of the Complaint.

62. Admitted. By way of further response, LaCrosse states that on or about February 14, 2008, Deutsche Bank voluntarily dismissed the interpleader action in state court without prejudice.

63. LaCrosse denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 63 of the Complaint.

64. LaCrosse denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 64 of the Complaint.

65. Admitted.

66. Admitted.

67. Admitted.

68. Admitted.

69. Admitted.

70. Admitted.

71. Admitted.

72. Admitted.

73. Admitted.

74. Admitted.

75. Admitted.

76. Admitted.

77. Admitted.

78. Admitted.

79. Admitted.

80. Admitted.

81. Admitted.

82. Admitted.

83. Admitted.

84. Admitted.

85. LaCrosse admits that Deutsche Bank has no interest as a claimant in the Interest Proceeds and Principal Proceeds deposited or to be deposited in the Interpleader Escrow. LaCrosse denies all other allegations contained in paragraph 85 of the Complaint.

## ANSWER TO PLEA FOR RELIEF

86. LaCrosse admits that Deutsche Bank seeks the relief set forth in paragraphs A through I of the Complaint and consents to the relief requested in paragraphs A, C, E, F and G of the Complaint. LaCrosse denies that Deutsche Bank is entitled to the relief requested in

paragraphs B, D, H and I of the Complaint. By way of further response, LaCrosse states as follows:

      i.    to the extent that Deutsche Bank seeks to continue the Interpleader Escrow and continue to invest amounts deposited in the Interpleader Escrow, Deutsche Bank should only be permitted to invest amounts held or deposited in the Interpleader Escrow in investments described in subsections (a), (b), (c), (d) and (g) of the definition of "Eligible Investments" set forth in Section 1.1 of the Indenture because those are the only types of investments included in the definition of Eligible Investments that have the probable safety and liquidity appropriate for amounts held or deposited in the Interpleader Escrow;

      ii.    to the extent that Deutsche Bank may fail to maintain the Interpleader Escrow separate and apart from its other funds, Deutsche Bank should be required to post a bond pursuant to 28 U.S.C. § 1335(a)(2) payable to the Clerk of this Court in an initial amount equal to the Interest Proceeds and Principal Proceeds in the Interpleader Escrow at such time, and Deutsche Bank periodically should be required to increase the amount of that bond by an amount equal to any additional Interest Proceeds and Principal Proceeds deposited in the Interpleader Escrow; and

      iii.    to the extent that Deutsche Bank seeks an order discharging it from liability, any such order should only discharge Deutsche Bank from liability relating to the proper distribution of Interest Proceeds and Principal Proceeds deposited in the Interpleader Escrow.

**AFFIRMATIVE DEFENSES**

87.     LaCrosse states the following affirmative defenses without assuming the burden of proof of any such defense that would otherwise rest on Deutsche Bank or the other Defendants:

**FIRST DEFENSE**

88.     Because the Complaint does not plead sufficient facts to enable LaCrosse to determine all of its applicable defenses with respect to the underlying dispute, LaCrosse reserves its right to assert any and all additional defenses once the precise nature of the claims can be ascertained.

**SECOND DEFENSE**

89.     LaCrosse asserts all other affirmative defenses that may be revealed during the course of discovery.

WHEREFORE, LACROSSE respectfully requests this Court enter an order:

i.      directing Defendants, with respect to the Interest Proceeds and Principal Proceeds now held or to be held in the Interpleader Escrow (as defined in the Complaint), to interplead and settle all claims to Interest Proceeds and Principal Proceeds between themselves and any other persons who claim or may claim an interest, beneficial or legal, in such Interest Proceeds and Principal Proceeds;

ii.     directing Deutsche Bank to continue the Interpleader Escrow, and to invest amounts held or deposited in the Interpleader Escrow in investments described in subsections (a), (b), (c), (d) and (g) of the definition of "Eligible Investments" set forth in Section 1.1 of the Indenture;

iii.    directing that Deutsche Bank, so long as it maintains the Interpleader

Escrow separate and apart from other funds of Deutsche Bank, not be required to post any bond pursuant to 28 U.S.C. § 1335(a)(2);

      iv.    directing Deutsche Bank, to the extent that it may fail to maintain the Interpleader Escrow separate and apart from the other funds of Deutsche Bank, to post a bond pursuant to 28 U.S.C. § 1335(a)(2) payable to the Clerk of this Court in an initial amount equal to the Interest Proceeds and Principal Proceeds in the Interpleader Escrow at such time, and directing Deutsche Bank to increase the amount of that bond periodically by an amount equal to any additional Interest and Principal Proceeds deposited in the Interpleader Escrow;

      v.    directing Deutsche Bank to make interim distributions from the Interpleader Escrow, if any, only by further order of this Court;

      vi.    directing Deutsche Bank, upon final judgment determining the respective interests of the Defendants and all other interested persons to distribution of Interest Proceeds and Principal Proceeds, to distribute amounts then remaining in the Interpleader Escrow as directed by the Court;

      vii.    pending such final judgment, enjoining Defendants and all claiming through or acting with them, or claiming any interest in the Interpleader Escrow or the amounts deposited or to be deposited in it, from commencing or prosecuting any separate litigation concerning or relating to the issues in this action; and

      viii.    discharging Deutsche Bank from liability relating to the proper distribution of Interest Proceeds and Principal Proceeds deposited in the Interpleader Escrow, which discharge be conditioned upon Deutsche Bank's continued compliance with the future orders and judgment of the Court as described above with respect to the subject matter of this controversy.

Dated: New York, New York
April 30, 2008

                                      Respectfully submitted,

                                          /s/  *Scott E. Eckas*

                                      Scott E. Eckas (SE 7479)
                                      *seckas@mckeenelson.com*
                                      Kevin J. Biron (KB 1030)
                                      *kbiron@mckeenelson.com*
                                      McKee Nelson LLP
                                      One Battery Park Plaza, 34th Floor
                                      New York, NY 10004
                                      Tel:  (917) 777-4200
                                      Fax: (917) 777-4299

                                      *Attorneys for Interpleader Defendant*
                                      *LaCrosse Financial Products, LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this date I caused the Answer and Affirmative Defenses of LaCrosse Financial Products, LLC to be filed electronically and served the Answer and Affirmative Defenses of LaCrosse Financial Products, LLC by causing true and correct copies thereof to be sent via the Court's electronic filing system and/or U.S. Mail as indicated following each named recipient below:

NIXON PEABODY LLP
437 Madison Avenue
New York, New York  10022
P:  (212) 940-3000
F:  (866) 947-2229
Attn:  Christopher M. Mason, Esq.
       cmason@nixonpeabody.com

*Attorneys for Interpleader Plaintiff*
*Deutsche Bank Trust Company Americas*

KRAMER LEVIN NAFTALIS &
FRANKEL LLP
1177 Avenue of the Americas
New York, New York  10036
P:  (212) 715-9100
F:  (212) 715-8000
Attn:  Alan R. Friedman, Esq.
       afriedman@kramerlevin.com

*Attorneys for Interpleader Defendant*
*Aurelius Capital Partners, LP*

BRYAN CAVE LLP
1290 Avenue of the Americas
New York, New York  10104
P:  (212) 541-2000
F:  (212) 541-1462
Attn:  Thomas James Schell, Esq.
       tjschell@bryancave.com

STRADLEY, RONON, STEVENS &
YOUNG, LLP
2600 One Commerce Square
Philadelphia, Pennsylvania  19103-7098
P:  (610) 640-5800
F:  (610) 640-1965
Attn:  Keith R. Dutill, Esq.
       kdutill@stradley.com

*Attorneys for Interpleader Defendants UBS*
*Absolute Return Fund, a fund of UBS*
*Funds, Inc., and UBS Global Bond Fund, a*
*fund of UBS Funds, Inc.*

OTTERBOURG, STEINDLER,
HOUSTON & ROSEN, P.C.
230 Park Avenue
New York, New York  10169
P:  (212) 661-9100
F:  (917) 306-4449
Attn:  Peter Feldman, Esq.
       pfeldman@oshr.com

*Attorneys for Interpleader Defendants*
*Magnetar Constellation Master Fund, Ltd.,*
*Magnetar Constellation Master Fund III,*
*Ltd., and Magnetar Constellation Fund II,*
*Ltd.*

| | |
|---|---|
| EISEMAN LEVINE LEHRHAUPT & KAKOYIANNIS, P.C.<br>805 Third Avenue, 10th Floor<br>New York, New York  10022<br>P:  (212) 752-1000<br>F:  (212) 355-4608<br>Attn:  Erick P. Heichel, Esq.<br>        eheichel@ellklaw.com<br>        Jonathan C. Marquet, Esq.<br>        jmarquet@ellklaw.com<br><br>*Attorneys for Interpleader Defendant Cede & Co.* | The Bank of N.T. Butterfield & Son Limited<br>65 Front Street<br>Hamilton, Bermuda HM AX<br><br>(Via U.S. Mail Only) |
| Palmer Square 3 Limited<br>5 Harbourmaster Place<br>International Financial Services Centre<br>Dublin 1<br>Ireland<br><br>(Via U.S. Mail Only) | PASA Funding 2007-1, Ltd.<br>c/o Ogier Fiduciary Services (Cayman) Limited<br>P.O. Box 1234 GT<br>Queensgate House, South Church Street<br>George Town, Grand Cayman KY1-1108<br>Cayman Islands, The British West Indies<br><br>(Via U.S. Mail Only) |
| Revelstoke CDO I Ltd.<br>c/o Maples Finance Limited<br>P.O. Box 1093 GT<br>Queensgate House, South Church Street<br>George Town, Grand Cayman KY1-1108<br>Cayman Islands, The British West Indies<br><br>(Via U.S. Mail Only) | Silver Elms CDO plc<br>c/o Deutsche International Corporate Services (Ireland) Limited<br>5 Harbourmaster Place<br>International Financial Services Centre<br>Dublin 1<br>Ireland<br><br>(Via U.S. Mail Only) |
| Stanton CDO I S.A.<br>c/o Omicron Investment Management GmbH<br>Herrengasse 1-3<br>1010 Vienna<br>Austria<br><br>(Via U.S. Mail Only) | ZAIS Opportunity Master Fund, LTD<br>P.O. Box 1984 GT<br>Elizabeth Square, George Town<br>Grand Cayman Islands, The British West Indies<br><br>(Via U.S. Mail Only) |

Dated:   New York, New York
         April 30, 2008

        McKee Nelson LLP

        __/s/  *Kevin J. Biron*_____
        Scott E. Eckas (SE 7479)
        Kevin J. Biron (KB 1030)
        One Battery Park Plaza
        New York, NY 10004
        Tel: (917) 777-4200
        Fax: (917) 777-4299

        *Attorneys for Interpleader Defendant*
        *LaCrosse Financial Products, LLC*