UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
DEUTSCHE BANK TRUST COMPANY               :
AMERICAS, as Trustee and Securities       :
Intermediary,                             :
                                          :
                              Plaintiff,  :
                                          :
            -against-                     :
                                          :
LACROSSE FINANCIAL PRODUCTS, LLC,         :  No. 1:08 CV 00955 (LAK) (DCF)
CEDE & CO., as Holder of certain Secured Notes :
and nominee name of the Depositary Trust  :
Company, AURELIUS CAPITAL PARTNERS,       :  ANSWER OF DEFENDANT
LP, THE BANK OF N.T. BUTTERFIELD & SON    :  AURELIUS CAPITAL
LIMITED, MAGNETAR CONSTELLATION           :  PARTNERS, LP
MASTER FUND, LTD., MAGNETAR               :
CONSTELLATION MASTER FUND III, LTD.,      :
MAGNETAR CONSTELLATION FUND II,           :
LTD., PALMER SQUARE 3 LIMITED, PASA       :
FUNDING 2007-1, LTD., REVELSTOKE CDO I    :
LTD., SILVER ELMS CDO plc, STANTON        :
CDO U.S.A., UBS ABSOLUTE RETURN           :
BOND FUND, a fund of UBS Funds, Inc., UBS :
GLOBAL BOND FUND, a fund of UBS Funds,    :
Inc., ZAIS OPPORTUNITY MASTER FUND,       :
LTD., and DOES 1 through 100, owners of   :
beneficial interests in the Secured Notes, :
                                          :
                              Defendants. :
------------------------------------------------------------ X

        Defendant Aurelius Capital Partners, LP ("ACP"), by its attorneys, for its answer alleges:

        1.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint.

        2.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint.

KL3 2645428.87

3. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Complaint, except refers to the Indenture for its full and complete terms and states that to the extent this paragraph states legal conclusions no response is required.

4. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Complaint, except refers to the Indenture for its full and complete terms and states that to the extent this paragraph states legal conclusions, no response is required.

5. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Complaint, except refers to the Indenture for its full and complete terms and states that to the extent this paragraph states legal conclusions, no response is required.

6. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Complaint, except refers to the relevant documents for their full and complete terms.

7. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Complaint.

8. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Complaint, except refers to the relevant documents for their full and complete terms.

9. Admits the allegations contained in paragraph 9 of the Complaint.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint, except refers to the relevant

documents for their full and complete terms and states that to the extent this paragraph states legal conclusions, no response is required.

11. Admits, on information and belief, the allegations contained in paragraph 11 of the Complaint.

12. Admits the allegations contained in paragraph 12 of the Complaint.

13. States that paragraph 13 of the Complaint contains legal conclusions as to which no response is required, except admits that ACP is the beneficial owner of an interest in the Class D-2 Secured Notes held by Cede & Co, and avers that ACP is also the beneficial owner of an interest in the Class D-1 Secured Notes, and that Aurelius Capital Master, Ltd., a Cayman Islands exempted company, is also the beneficial owner of an interest in Class D-1 and Class D-2 Secured Notes held by Cede & Co.

14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Complaint.

15. States that paragraph 15 of the Complaint contains legal conclusions as to which no response is required, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the Complaint.

16. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the Complaint.

17. States that paragraph 17 of the Complaint contains legal conclusions as to which no response is required, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the Complaint.

18. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the Complaint.

3

19. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the Complaint.

20. States that paragraph 20 of the Complaint contains legal conclusions as to which no response is required, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the Complaint.

21. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the Complaint.

22. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the Complaint.

23. States that paragraph 23 of the Complaint contains legal conclusions as to which no response is required, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

24. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the Complaint.

25. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of the Complaint.

26. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 of the Complaint.

27. States that paragraph 27 contains legal conclusions as to which no response is required, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

28. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 of the Complaint.

29. States that paragraph 29 of the Complaint contains legal conclusions as to which no response is required, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

30. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 of the Complaint.

31. States that paragraph 31 of the Complaint contains legal conclusions as to which no response is required, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

32. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32 of the Complaint.

33. States that paragraph 33 of the Complaint contains legal conclusions as to which no response is required, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

34. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 34 of the Complaint.

35. States that paragraph 35 of the Complaint contains legal conclusions as to which no response is required, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

36. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 36 of the Complaint.

37. States that paragraph 37 of the Complaint contains legal conclusions as to which no response is required, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

KL3 2645428.87

38.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 38 of the Complaint.

39.     States that paragraph 39 of the Complaint contains legal conclusions as to which no response is required, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

40.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 40 of the Complaint.

41.     States that paragraph 41 of the Complaint contains legal conclusions as to which no response is required, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

42.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 42 of the Complaint.

43.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 43 of the Complaint, except refers to the Indenture for its full and complete terms.

44.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 44 of the Complaint, except refers to the Indenture for its full and complete terms.

45.     Denies the allegations contained in paragraph 45 of the Complaint and refers to the Indenture for its full and complete terms.

46.     Denies the allegations contained in paragraph 46 of the Complaint, which purport to summarize the terms of the Indenture, and refers to the Indenture for its full and complete terms.

47. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 47 of the Complaint, except refers to the Indenture for its full and complete terms.

48. Admits, on information and belief, the allegations contained in paragraph 48 of the Complaint.

49. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 49 of the Complaint.

50. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 50 of the Complaint, except admits, on information and belief, that a dispute has arisen as to, among other things, the rights of the different Defendants as to how the fund of the Interest Proceeds and Principal Proceeds should be applied under the terms of the Indenture.

51. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 51 of the Complaint, except refers to the relevant documents for their full and complete terms.

52. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 52 of the Complaint.

53. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 53 of the Complaint, except admits that it is the position of one or more of the Defendants or Doe Defendants that, among other things, the interpretation of the Subordination Provisions and Waterfall Provisions of the Indenture by LaCrosse is neither reasonable nor correct and that as a result, a portion of the Interest Proceeds and Principal Proceeds in the Interpleader Escrow should be paid to Cede & Co. for distribution

by it to owners of beneficial interests in secured notes in accord with the Waterfall Provisions of the Indenture.

54. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 54 of the Complaint.

55. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 55 of the Complaint.

56. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 56 of the Complaint, except refers to the relevant documents for their true and complete terms.

57. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 57 of the Complaint, except admits that Deutsche Bank also filed an interpleader action in Supreme Court of the State of New York, and refers to the relevant documents for their true and complete terms.

58. Admits the allegations contained in paragraph 58 of the Complaint.

59. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 59 of the Complaint.

60. Admits the allegations contained in paragraph 60 of the Complaint.

61. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 61 of the Complaint.

62. Denies knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 62 of the Complaint.

63. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 63 of the Complaint.

8

KL3 2645428.87

64. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 64 of the Complaint.

65. Admits the allegations contained in paragraph 65 of the Complaint.

66. Admits the allegations contained in paragraph 66 of the Complaint.

67. States that paragraph 67 states a legal conclusion as to which no response is required.

68-84. States that paragraphs 68-84 of the Complaint contain legal conclusions as to which no response is required.

85. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 85 of the Complaint.

### As a First Affirmative Defense and Claim Against the Interpleader Escrow

86. ACP is the beneficial owner of Class D-1 and Class D-2 Secured Notes.

87. Upon information and belief, Deutsche Bank has received and collected Interest Proceeds and Principal Proceeds for distribution to noteholders purportedly in accordance with the Waterfall Provisions of the Indenture. Commencing with the November 2007 Monthly Distribution Date, as various Monthly Distribution Dates have occurred, Deutsche Bank has, upon information and belief, deposited certain Interest Proceeds and Principal Proceeds in the Interpleader Escrow, rather than distribute these funds to noteholders, including ACP.

88. As a holder of Class D-1 and Class D-2 Secured Notes, ACP is entitled to payment of Interest Proceeds and Principal Proceeds in accordance with the Waterfall Provisions of Sections 11.1(a)(i) and 11.1(a)(ii) of the Indenture.

89.  To the extent that LaCrosse has taken the position that Interest Proceeds and Principal Proceeds in the Interpleader Escrow should not be paid to noteholders such as ACP, that interpretation of the Indenture is neither reasonable nor correct.

90.  Wherefore, Interest Proceeds and Principal Proceeds that have been, should be or will be placed in the Interpleader Escrow should be paid to ACP in accordance with the Waterfall Provisions of Sections 11.1(a)(i) and 11.1(a)(ii) of the Indenture.

### As a Second Affirmative Defense and Claim Against the Interpleader Escrow

91.  Under the terms of the Indenture, Deutsche Bank is required to make its own separate declarations of any acceleration of principal and interest and of termination of the Reinvestment Period, assuming an Event of Default has occurred and is continuing (neither of which is not admitted). In making such declarations, Deutsche Bank should make its own independent determination, which determination should be made in the best interests of all holders of Secured Notes and take into account the consequences of such declarations upon all noteholders.

92.  On information and belief, the communication referred to in paragraph 45 of the Complaint, to the extent sent, was neither a proper, nor effective notification by Deutsche Bank of Deutsche Bank's separate declarations of acceleration of principal and interest or termination of the Reinvestment Period.

93.  Moreover, even if Deutsche Bank had issued an effective notice and declaration of acceleration and termination of the Reinvestment Period, the position taken by LaCrosse that Interest Proceeds and Principal Proceeds should not be paid to noteholders, such

as ACP, would still be neither reasonable nor correct. Even in the event of an acceleration and a termination of the Reinvestment Period, the Waterfall Provision of Sections 11.1(a)(i) and 11.1(a)(ii) of the Indenture would continue to govern the distribution of proceeds to noteholders, such as ACP.

94. Wherefore, Interest Proceeds and Principal Proceeds that have been, should be or will be placed in the Interpleader Escrow should be paid to ACP in accordance with the Waterfall Provisions of Section 11.1(a)(i) and 11.1(a)(ii) of the Indenture.

### As a Third Affirmative Defense

95. Any claim by LaCrosse that would prevent distribution of Interest Proceeds and Principal Proceeds to ACP in accordance with the Waterfall Provisions of Sections 11.1(a)(i) and 11.1(a)(ii) of the Indenture, is, on information and belief, barred by the doctrines of estoppel or unclean hands.

Wherefore, the Court should (i) declare that ACP is entitled to receive Interest Proceeds and Principal Proceeds that have been, should be or will be placed in the Interpleader Escrow in accordance with the Waterfall Provisions of Sections 11.1(a)(i) and 11.1(a)(ii) of the Indenture; (ii) direct the payment by Deutsche Bank to ACP of such Interest Proceeds and Principal Proceeds, together with interest thereon; (iii) award ACP its costs, including reasonable attorneys fees, in this action; and (iv) grant such other relief as the Court deems just and proper.

April 30, 2008

Respectfully Submitted,

By: /s/ Alan R. Friedman

Alan R. Friedman
KRAMER LEVIN NAFTALIS &
FRANKEL LLP
1177 Avenue of the Americas
New York, NY 10036
Telephone No.: 212-715-9100
afriedman@kramerlevin.com

*Counsel for Aurelius Capital Partners, LP*