UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ X
                                   :

DEUTSCHE BANK TRUST COMPANY      :
AMERICAS, as Trustee and Securities       :
Intermediary,                                :
                                   :
                 Plaintiff,           :
                                   :
        - against -             :     No. 1:08 CV 00955 (LAK)
                                   :
LACROSSE FINANCIAL PRODUCTS, LLC,   :
CEDE & CO., as Holder of certain Secured Notes   :
and nominee name of the Depositary Trust      :
Company, AURELIUS CAPITAL PARTNERS,   :
LP, THE BANK OF N.T. BUTTERFIELD & SON :
LIMITED, MAGNETAR CONSTELLATION     :
MASTER FUND, LTD., MAGNETAR        :
CONSTELLATION MASTER FUND III, LTD.,   :
MAGNETAR CONSTELLATION FUND II,      :
LTD., PALMER SQUARE 3 LIMITED, PASA   :
FUNDING 2007-1, LTD., REVELSTOKE CDO I   :
LTD., SILVER ELMS CDO plc, STANTON CDO :
I S.A., UBS ABSOLUTE RETURN BOND     :
FUND, a fund of UBS Funds, Inc., UBS GLOBAL :
BOND FUND, a fund of UBS Funds, Inc., ZAIS :
OPPORTUNITY MASTER FUND, LTD, and    :
DOES 1 through 100, owners of beneficial     :
interests in the Secured Notes,            :
                                   :
                 Defendants.      :
------------------------------------------------------------ X

## ANSWER AND CLAIM OF DEFENDANT
## THE BANK OF N.T. BUTTERFIELD & SON LIMITED

       Defendant The Bank of N.T. Butterfield & Son Limited ("Butterfield" or

"Defendant"), by and through its undersigned attorneys, hereby responds to each and every

enumerated paragraph of the Interpleader Complaint filed by Deutsche Bank Trust Company

Americas ("Deutsche Bank") as follows:

1.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1.

2.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2.

3.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 3, except respectfully refers the Court to the Indenture for its true and correct terms and denies any allegations inconsistent therewith.

4.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4, except respectfully refers the Court to the Indenture for its true and correct terms, denies any allegations inconsistent therewith, and states that to the extent the allegations of this paragraph are conclusions of law, no response is required.

5.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 5, except respectfully refers the Court to the Indenture for its true and correct terms, denies any allegations inconsistent therewith, and states that to the extent the allegations of this paragraph are conclusions of law, no response is required.

6.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 6, except respectfully refers the Court to the Super Senior Confirmation and the Indenture for their true and correct terms and denies any allegations inconsistent therewith.

7.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7.

8.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8, except respectfully refers the Court to the Secured Notes and

Indenture for their true and correct terms, denies any allegations inconsistent therewith, and admits that Cede & Co. is the holder of record of certain Secured Notes.

9.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9, except respectfully refers the Court to the Indenture and Secured Notes for their true and correct terms and denies any allegations inconsistent therewith.

10.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10, except respectfully refers the Court to the Indenture and Secured Notes for their true and correct terms, denies any allegations inconsistent therewith, and states that to the extent that the allegations of this paragraph are conclusions of law, no response is required.

11.      Admits, on information and belief, the allegations of paragraph 11.

12.      Denies knowledge or information sufficient to form a belief as the truth of the allegations of paragraph 12.

13.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 13.

14.      Admits the allegations of paragraph 14.

15.      States that paragraph 15 states legal conclusions as to which no response is required, except admits that Butterfield is the beneficial owner of an interest in the Class S Secured Notes held by Cede & Co.

16.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16.

17.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 17.

C068838/0220771/1483316.2

18.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 18.

19.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 19.

20.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 20.

21.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 21.

22.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 22.

23.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 23.

24.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 24.

25.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 25.

26.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 26.

27.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 27.

28.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 28.

C068838/0220771/1483316.2

29.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 29.

30.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 30.

31.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 31.

32.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 32.

33.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 33.

34.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 34.

35.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 35.

36.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 36.

37.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 37.

38.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 38.

39.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 39.

C068838/0220771/1483316.2

40.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 40.

41.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 41.

42.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 42.

43.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 43, except respectfully refers the Court to the Indenture for its true and correct terms and denies any allegations inconsistent therewith.

44.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 44, except respectfully refers the Court to the Indenture for its true and correct terms and denies any allegations inconsistent therewith.

45.     Denies the allegations of paragraph 45.

46.     Denies the allegations of paragraph 46, except respectfully refers the Court to the Indenture for its true and correct terms and denies any allegations inconsistent therewith.

47.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 47, except respectfully refers the Court to the Indenture and the Secured Notes for their true and correct terms and denies any allegations inconsistent therewith.

48.     Admits, upon information and belief, the allegations of paragraph 48 of the Complaint.

49.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 49.

6

50.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 50, except admits, upon information and belief, that a dispute has arisen concerning, among other things, the rights of different Defendants as to how the fund of Interest Proceeds and Principal Proceeds should be applied under the Indenture.

51.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 51, except admits, upon information and belief, that LaCrosse through MBIA issued the November 7, 2007 letter.

52.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 52.

53.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 53, except admits that Butterfield takes the position that the interpretation of the relevant provisions of the Indenture is neither reasonable nor correct, and that as a result a portion of the Interest Proceeds and the Principal Proceeds in the Interpleader Escrow should be paid to Cede & Co. for distribution to owners of beneficial interests in Secured Notes in accord with the Waterfall Provisions of the Indenture.

54.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 54.

55.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 55.

56.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 56, except respectfully refers the Court to the November 13, 2007 letter from Deutsche Bank for its true and correct terms and denies any allegations inconsistent therewith.

7

57.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 57, except admits that Deutsche Bank filed an intepleader action in the Supreme Court of New York and respectfully refers to the documents filed in such interpleader action for their terms.

58.    Admits the allegations contained in paragraph 58.

59.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 59.

60.    Admits the allegations contained in paragraph 60.

61.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 61.

62.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 62, except admits that Deutsche Bank is pursuing the remedy of statutory interpleader in this action.

63.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 63.

64.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 64.

65.    Admits the allegations of paragraph 65.

66.    Admits the allegations of paragraph 66.

67.    States that the allegations of paragraph 67 are conclusions of law to which no response is required.

68.    States that the allegations of paragraph 68 are conclusions of law to which no response is required.

C068838/0220771/1483316.2

69.     States that the allegations of paragraph 69 are conclusions of law to which no response is required.

70.     States that the allegations of paragraph 70 are conclusions of law to which no response is required.

71.     States that the allegations of paragraph 71 are conclusions of law to which no response is required.

72.     States that the allegations of paragraph 72 are conclusions of law to which no response is required.

73.     States that the allegations of paragraph 73 are conclusions of law to which no response is required.

74.     States that the allegations of paragraph 74 are conclusions of law to which no response is required.

75.     States that the allegations of paragraph 75 are conclusions of law to which no response is required.

76.     States that the allegations of paragraph 76 are conclusions of law to which no response is required.

77.     States that the allegations of paragraph 77 are conclusions of law to which no response is required.

78.     States that the allegations of paragraph 78 are conclusions of law to which no response is required.

79.     States that the allegations of paragraph 79 are conclusions of law to which no response is required.

C068838/0220771/1483316.2

80.    States that the allegations of paragraph 80 are conclusions of law to which no response is required.

81.    States that the allegations of paragraph 81 are conclusions of law to which no response is required.

82.    States that the allegations of paragraph 82 are conclusions of law to which no response is required.

83.    States that the allegations of paragraph 83 are conclusions of law to which no response is required.

84.    States that the allegations of paragraph 84 are conclusions of law to which no response is required.

85.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 85.


### As and For Its First Affirmative Defense and Claim Against Interpleader Escrow

1.    Butterfield is the beneficial owner of Class S Secured Notes issued by Sagittarius CDO I Ltd., as Issuer, and Sagittarius CDO I LLC, as Co-Issuer ("Issuer") and held by Cede & Co. pursuant to the Indenture.

2.    Under the Indenture, Interest Proceeds and Principal Proceeds (collectively, the "Proceeds") are collected by the Trustee from the underlying pool of Collateral held by the Issuer and paid on a date each month or quarter in a priority order and amount set forth in Section 11.1(a) of the Indenture ("Waterfall"). The Waterfall for distribution of Interest Proceeds (the "Interest Waterfall") is set forth in Section 11.1(a)(i), and the Waterfall for distribution of Principal Proceeds (the "Principal Waterfall") is set forth in Section 11.1(a)(ii) of

10

the Indenture.  The Interest Waterfall does not provide for the same distributions to the same parties in the same order of priority as the Principal Waterfall.

3.     LaCrosse is party to a swap transaction with the Issuer and is the Super Senior Counterparty pursuant to the Indenture.

4.     In a November 7, 2007 letter (the "November 7 Letter") from MBIA Insurance Corporation (which has the authority to exercise all rights and consents of LaCrosse) to Deutsche Bank, LaCrosse contended that (i) an Event of Default has occurred; (ii) an "acceleration" has occurred; and (iii) "LaCrosse is entitled to senior payment priority in accordance with the subordination provisions of Section 13.1(a) of the Indenture."

5.     Based on these assertions, LaCrosse further contended that "no Interest Proceeds or Principal Proceeds may be further paid or distributed to any of the Subordinate Interests before application of all amounts payable to LaCrosse has been made pursuant to Section 11.1(a) of the Indenture …."

6.     Upon information and belief, LaCrosse also contended that all Interest Proceeds and Principal Proceeds should be deposited by the Trustee into the Permanent Reduction Reserve Account.

7.     Upon information and belief, one or more Noteholders has disputed LaCrosse's direction to the Trustee, and the Trustee has asserted that it has paid Interest Proceeds and Principal Proceeds into an Interpleader Escrow and commenced this Interpleader Action to resolve the conflicting claims to the Proceeds in the Interpleader Escrow.

8.     LaCrosse's interpretation of the Indenture and its contentions set forth above are incorrect and unreasonable.

11

9.     LaCrosse has failed to demonstrate that an Event of Default occurred pursuant to the Indenture.

10.     Further, the Trustee has not sent the notice to the Issuer required under Section 5.2(a) of the Indenture to accelerate the Notes and terminate the Reinvestment Period. Accordingly,  LaCrosse would not be entitled to senior payment priority under its proffered interpretation of Section 13.1(a) of the Indenture.

11.     Even if an acceleration and termination of the Reinvestment Period had occurred (which is not admitted), LaCrosse is not entitled to the senior payment priority that it seeks in the November 7 Letter.

12.     Section 13.1(a) of the Indenture does not require under the present circumstances the distribution of Interest Proceeds and Principal Proceeds other than in accord with the Waterfall set forth in Section 11.1(a).

13.     Further, LaCrosse is not entitled to the senior payment priority that it seeks in the November 7 Letter because, upon information and belief, the Super Senior Counterparty has not made any Net Senior Credit Protection Payments, deposits into the Permanent Reduction Reserve Account are not amounts payable to LaCrosse, and under the circumstances alleged here any deposits into the Permanent Reduction Reserve Account can only be made from Principal Proceeds, not Interest Proceeds.

14.     In any event, the Interest Proceeds and the Principal Proceeds deposited into the Interpleader Escrow, as well as the respective amounts of interest and/or investment earnings accruing thereon, must be either maintained in separate accounts or separately accounted for within the Interpleader Escrow so that distributions can be made in accordance with the Interest Waterfall and the Principal Waterfall.

## As and For Its Second Affirmative Defense

15.     Butterfield states that the foregoing affirmative defense and claim were made without assuming the burden of proof that would otherwise rest on Deutsche Bank or any of the other Defendants.

## As and For Its Third Affirmative Defense

16.     Because the Complaint does not plead sufficient facts to enable Butterfield to determine all of its applicable defenses or claims with respect to the underlying dispute, Butterfield reserves its right to assert any and all additional defenses or claims once the precise nature of the claims can be ascertained.

17.     Butterfield also reserves its right to assert all other affirmative defenses or claims that may be revealed during the course of discovery.

C068838/0220771/1483316.2

WHEREFORE, Interpleader Defendant Butterfield demands judgment by the Court declaring that Butterfield is entitled to receive Interest Proceeds and Principal Proceeds, including the Proceeds placed in the Interpleader Escrow, in accord with the priority order and amount provided for in the Waterfall of Sections 11.1(a)(i) and 11.1(a)(ii) of the Indenture, directing the payment to Butterfield of such Interest Proceeds and Principal Proceeds, together with interest thereon, awarding Butterfield its costs, including reasonable attorneys fees, in this action, and awarding such other relief as this Court deems just and proper.

Dated:  May 16, 2008

     /s/  Eric Rieder
Eric Rieder  (ER-2021)
Thomas J. Schell  (TJS-5075)
BRYAN CAVE LLP
1290 Avenue of the Americas
New York, NY   10104-3300
Telephone:  (212) 541-2000
Facsimile:  (212) 541-1457
ERieder@bryancave.com
TJSchell@bryancave.com

*Attorneys for Defendant*
*The Bank of N.T. Butterfield & Son Limited*

C068838/0220771/1483316.2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- X
                         :

DEUTSCHE BANK TRUST COMPANY    :
AMERICAS, as Trustee and Securities    :
Intermediary,    :
    :
                Plaintiff,    :
    :
       - against -    :    No. 1:08 CV 00955 (LAK)
    :
LACROSSE FINANCIAL PRODUCTS, LLC,    :
CEDE & CO., as Holder of certain Secured Notes    :
and nominee name of the Depository Trust    :    **CERTIFICATE OF SERVICE**
Company, AURELIUS CAPITAL PARTNERS,    :
LP, THE BANK OF N.T. BUTTERFIELD & SON    :
LIMITED, MAGNETAR CONSTELLATION    :
MASTER FUND, LTD., MAGNETAR    :
CONSTELLATION MASTER FUND III, LTD.,    :
MAGNETAR CONSTELLATION FUND II,    :
LTD., PALMER SQUARE 3 LIMITED, PASA    :
FUNDING 2007-1, LTD., REVELSTOKE CDO I    :
LTD., SILVER ELMS CDO plc, STANTON CDO    :
I S.A., UBS ABSOLUTE RETURN BOND    :
FUND, a fund of UBS Funds, Inc., UBS GLOBAL    :
BOND FUND, a fund of UBS Funds, Inc., ZAIS    :
OPPORTUNITY MASTER FUND, LTD, and    :
DOES 1 through 100, owners of beneficial    :
interests in the Secured Notes,    :
    :
                Defendants.    :
---------------------------------------------------------------- X

       I, THOMAS J. SCHELL, hereby certify under penalty of perjury that, on May 16, 2008, I

served copies of the **ANSWER AND CLAIM OF DEFENDANT THE BANK OF N.T.**

**BUTTERFIELD & SON LIMITED** by first class mail upon the parties listed in the attached

Service List.

                                     /s/  *Thomas J. Schell*
                                     THOMAS J. SCHELL

## SERVICE LIST

NIXON PEABODY LLP
437 Madison Avenue
New York, NY 10022
Telephone: (212) 940-3000
Facsimile: (866) 947-2229
Attn: Christopher M. Mason, Esq.

*Attorneys for Plaintiff*
*Deutsche Bank Trust Company Americas*


MCKEE NELSON LLP
One Battery Park Plaza
34th Floor
New York, NY 10004
(917) 777-4343
Fax: (917)591-3047
Attn: Scott E. Eckas, Esq.
      Kevin James Biron, Esq.
Email: seckas@mckeenelson.com
       kbiron@mckeenelson.com

*Attorneys for Defendant Lacrosse*
*Financial Products LLC*


KRAMER LEVIN NAFTALIS &
FRANKEL LLP
1177 Avenue of the Americas
New York, NY 10036
(212) 715-9100
Fax: (212) 715-8000
Email: afriedman@kramerlevin.com
Attn: Alan R. Friedman

*Attorneys for Defendant*
*Aurelius Capital Partners, LP*


EISEMAN LEVINE LEHRHAUPT &
KAKOYIANNIS, P.C.
805 Third Avenue
New York, NY 10022
(212) 752-1000
Attn: Erick P. Heichel
      Jonathan C. Marquet

*Attorneys for Cede & Co. As Nominee for The*
*Depository Trust Company*


OTTERBOURG, STEINDLER, HOUSTON &
ROSEN, P.C.
230 Park Avenue
New York, NY 10169
(212) 661-9100
Fax: (917) 306-4449
Email: pfeldman@oshr.com
Attn: Peter Feldman

*Attorneys for Defendants*
*Magnetar Constellation Master Fund,Ltd.*
*Magnetar Constellation Master Fund III, Ltd.*
*and Magnetar Constellation Fund II, Ltd.*

2

STRADLEY RONON STEVENS &
YOUNG, LLP
2600 One Commerce Square
Philadelphia, Pennsylvania 19103
(215) 564-8000
Fax:  (215) 564-8120
Email:  LGreenspan@stradley.com
Attn:  Leslie Miller Greenspan

*Attorneys for Defendants*
*UBS Absolute Return Bond Fund and*
*UBS Global Bond Fund*

BRYAN CAVE LLP
1290 Avenue of the Americas
New York, NY  10104-3300
(212) 541-2000
Fax:  (212) 541-1462
Email:  erieder@bryancave.com
         tjschell@bryancave.com
Attn:   Eric Rieder
        Thomas J. Schell

*Attorneys for Defendants*
*Revelstoke CDO I Limited,*
*The Bank of N.T. Butterfield & Son Limited,*
*UBS Absolute Return Bond Fund,*
*and UBS Global Bond Fund*

PASA FUNDING 2007-1 LTD.
c/o OGIER FIDUCIARY SERVICES
(CAYMAN) LIMITED
P.O. Box 1234 GT
Queensgate House
113 South Church Street
George Town, Grand Cayman KYI-1108
Cayman Islands,
The British West Indies

SILVER ELMS CDO PLC
c/o DEUTSCHE INTERNATIONAL
CORPORATE SERVICES (IRELAND)
LIMITED
5 Harbourmaster Place
International Financial Services Center
Dublin 1, Ireland

STANTON CDO I.S.A
c/o OMICRON INVESTMENT
MANAGEMENT GmbH
Herrengasse 1-3
1010 Vienna
AUSTRIA

ZAIS OPPORTUNITY MASTER FUND, LTD
c/o DEUTSCHE BANK (CAYMAN) LIMITED
P.O. Box 1984 GT
Boundry Hall, Cricket Square
171 Elgin Ave
George Town
Grand Cayman Islands
The British West Indies

3

C068838/0220771/1483855.1