**MCKEE NELSON LLP**
Scott E. Eckas (SE 7479)
Kevin J. Biron (KB 1030)
One Battery Park Plaza
New York, NY  10004
Tel:  (917) 777-4200
Fax: (917) 777-4299

*Attorneys for Interpleader Defendant*
*LaCrosse Financial Products, LLC*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DEUTSCHE BANK TRUST COMPANY AMERICAS, as Trustee and Securities Intermediary,<br><br>                              Plaintiff,<br><br>             - against -<br><br>LACROSSE FINANCIAL PRODUCTS, LLC, CEDE & CO., as Holder of certain Secured Notes and nominee name of the Depository Trust Company, AURELIUS CAPITAL PARTNERS, LP, THE BANK OF N.T. BUTTERFIELD & SON LIMITED, MAGNETAR CONSTELLATION MASTER FUND, LTD., MAGNETAR CONSTELLATION MASTER FUND III, LTD., MAGNETAR CONSTELLATION FUND II, LTD., PALMER SQUARE 3 LIMITED, PASA FUNDING 2007-1, LTD., REVELSTOKE CDO I LTD., SILVER ELMS CDO plc, STANTON CDO I S.A., UBS ABSOLUTE RETURN BOND FUND, a fund of UBS Funds, Inc., UBS GLOBAL BOND FUND, a fund of UBS Funds, Inc., ZAIS OPPORTUNITY MASTER FUND, LTD, and DOES 1 through 100, owners of beneficial interests in the Secured Notes,<br><br>                              Defendants. | Case No.:  1:08 CV 0955 (LAK)<br><br>Honorable Lewis A. Kaplan<br><br>**Electronically Filed** |

**ANSWER OF LACROSSE FINANCIAL PRODUCTS, LLC
TO THE AFFIRMATIVE DEFENSES AND CLAIMS AGAINST THE
INTERPLEADER ESCROW OF AURELIUS CAPITAL PARTNERS, LP**

Interpleader Defendant LaCrosse Financial Products, LLC ("LaCrosse"), by its undersigned attorneys, as and for its Answer to the Affirmative Defenses and Claims Against Interpleader Escrow (the "Affirmative Claims") asserted in the Answer (the "ACP Answer") of Defendant Aurelius Capital Partners, LP ("ACP"), states as follows:

## ANSWER

### Answer to ACP's First Affirmative Defense and Claim Against the Interpleader Escrow

86.  LaCrosse denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 86 of the ACP Answer.[1]

87.  LaCrosse denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 87 of the ACP Answer.

88.  No answer is required to paragraph 88 of the ACP Answer because it contains conclusions of law. To the extent any answer may be required, LaCrosse denies knowledge or information sufficient to form a belief as to the allegations contained in the first clause of the sentence comprising paragraph 88 of the ACP Answer, and LaCrosse denies the allegations contained in the second clause of the sentence comprising paragraph 88 of the ACP Answer.

89.  No answer is required to paragraph 89 of the ACP Answer because it contains conclusions of law and argumentative rhetoric. To the extent any answer may be required, LaCrosse denies the allegations contained in paragraph 89 of the ACP Answer.

---

[1] ACP begins to state its affirmative claim in paragraph 86 of its Answer. For the convenience of the Court and the other parties, LaCrosse has used paragraph numbers corresponding to those used by ACP and, accordingly, begins it response at paragraph 86.

90. No answer is required to paragraph 90 of the ACP Answer because it contains conclusions of law. To the extent any answer may be required, LaCrosse denies the allegations contained in paragraph 90 of the ACP Answer. By way of further response, LaCrosse refers to the entire Indenture,[2] which speaks for itself. LaCrosse is the Super Senior Counterparty and constitutes the Controlling Class under the Indenture. Pursuant to the Indenture, because an Event of Default has not been cured or waived and acceleration has occurred in accordance with Article 5, all amounts payable to the Super Senior Counterparty (including, but not limited to, any Unreimbursed Senior Credit Protection Payments and deposits to the Permanent Reduction Reserve Account until the Super Senior Notional Amount is reduced to zero) must be paid in full before any further payment or distribution is made on account of the Class S Notes, the Class A Notes, the Class B Notes, the Class C Notes, the Class D-1 Notes, the Class D-2 Notes, the Class D-3 Notes, the Class E Notes, the Class X Notes, and the Subordinated Notes (collectively, the "Subordinate Interests").

### Answer to ACP's Second Affirmative Defense and Claim Against the Interpleader Escrow

91. No answer is required to paragraph 91 of the ACP Answer because it contains conclusions of law and argumentative rhetoric. To the extent any answer may be required, LaCrosse denies the allegations contained in paragraph 91 of the ACP Answer. By way of further response, LaCrosse refers to the entire Indenture, which speaks for itself.

92. No answer is required to paragraph 92 of the ACP Answer because it contains conclusions of law and argumentative rhetoric. To the extent any answer may be required, LaCrosse denies the allegations contained in paragraph 92 of the ACP Answer.

---

[2] The Indenture is defined in the Interpleader Complaint (the "Complaint") filed by Plaintiff Deutsche Bank Trust Company Americas (the "Trustee"). Each capitalized term used but not defined herein has the meaning given to such term in the Indenture.

93. No answer is required to paragraph 93 of the ACP Answer because it contains conclusions of law and argumentative rhetoric. To the extent any answer may be required, LaCrosse denies the allegations contained in paragraph 93 of the ACP Answer.

94. No answer is required to paragraph 94 of the ACP Answer because it contains conclusions of law. To the extent any answer may be required, LaCrosse denies the allegations contained in paragraph 94 of the ACP Answer. By way of further response, LaCrosse refers to the entire Indenture, which speaks for itself. LaCrosse is the Super Senior Counterparty and constitutes the Controlling Class under the Indenture. Pursuant to the Indenture, because an Event of Default has not been cured or waived and acceleration has occurred in accordance with Article 5, all amounts payable to the Super Senior Counterparty (including, but not limited to, any Unreimbursed Senior Credit Protection Payments and deposits to the Permanent Reduction Reserve Account until the Super Senior Notional Amount is reduced to zero) must be paid in full before any further payment or distribution is made on account of the Subordinate Interests.

### Answer to ACP's Third Affirmative Defense

95. No answer is required to paragraph 95 of the ACP Answer because it contains conclusions of law and argumentative rhetoric. To the extent any answer may be required, LaCrosse denies the allegations contained in paragraph 95 of the ACP Answer.

### ANSWER TO REQUEST FOR RELIEF

96. LaCrosse admits that ACP seeks the relief set forth in its Request for Relief contained in the final "Wherefore" paragraph of the ACP Answer. LaCrosse specifically denies that ACP is entitled to any such relief or that this Court is entitled to grant such relief. LaCrosse further denies the remaining allegations contained in the Request for Relief and denies that ACP is entitled to any relief whatsoever.

## AFFIRMATIVE DEFENSES

97. LaCrosse states the following affirmative defenses without assuming the burden of proof of such defenses that would otherwise rest on ACP:

### FIRST DEFENSE

98. The Affirmative Claims are barred because ACP lacks standing to assert such a claim and is not the real party in interest.

### SECOND DEFENSE

99. The allegations in the Affirmative Claims fail to state a claim to the Interpleader Escrow upon which relief may be granted.

### THIRD DEFENSE

100. The Affirmative Claims are barred, in whole or in part, under the doctrines of unclean hands and *in pari delicto*.

### FOURTH DEFENSE

101. The Affirmative Claims are barred, in whole or in part, by the doctrines of estoppel, waiver, ratification, and acquiescence.

### FIFTH DEFENSE

102. The Affirmative Claims are barred, in whole or in part, because ACP's interpretation of the Indenture would frustrate the purpose thereof.

### SIXTH DEFENSE

103. Because the Affirmative Claims do not plead sufficient facts to enable LaCrosse to determine all of its applicable defenses, LaCrosse expressly reserves its right to assert any and all additional defenses once the precise nature of the claims can be ascertained.

**SEVENTH DEFENSE**

104. LaCrosse asserts all other affirmative defenses that may be revealed during the course of discovery.

**EIGHTH DEFENSE**

105. .LaCrosse hereby adopts and incorporates by reference any and all other affirmative defenses asserted or to be asserted by any other defendant to the extent LaCrosse may share in or be entitled to assert such affirmative defenses.

WHEREFORE, LaCrosse respectfully requests that this Court enter an order dismissing the Affirmative Claims with prejudice, awarding LaCrosse its costs, expenses, and reasonable attorneys' fees in defending against the Affirmative Claims, and granting such other and further relief as is just and proper.

Dated: New York, New York
August 18, 2008

Respectfully submitted,

/s/ Scott E. Eckas
Scott E. Eckas (SE 7479)
*seckas@mckeenelson.com*
Kevin J. Biron (KB 1030)
*kbiron@mckeenelson.com*
McKee Nelson LLP
One Battery Park Plaza, 34th Floor
New York, NY 10004
Tel: (917) 777-4200
Fax: (917) 777-4299

*Attorneys for Interpleader Defendant
LaCrosse Financial Products, LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this date, I caused the following documents to be electronically filed and served the following documents on the parties on the Service List below by causing true and correct copies thereof to be sent via the Court's electronic filing system and/or U.S.P.S. Mail:

(1) Answer of LaCrosse Financial Products, LLC to the Affirmative Defenses and Claims Against the Interpleader Escrow of Aurelius Capital Partners, LP;

(2) Answer of LaCrosse Financial Products, LLC to the Affirmative Defense and Claim Against Interpleader Escrow of the Bank of N.T. Butterfield & Son Limited;

(3) Answer of LaCrosse Financial Products, LLC to the Affirmative Defense and Affirmative Claim to the Interpleader Escrow and Future Distributions of Magnetar Constellation Master Fund, Ltd, Magnetar Constellation Fund II, Ltd, and Magnetar Constellation Master Fund III, Ltd; and

(4) Answer of LaCrosse Financial Products, LLC to the Affirmative Defense and Claim Against Interpleader Escrow of Revelstoke CDO I Ltd.

**SERVICE LIST**

NIXON PEABODY LLP
437 Madison Avenue
New York, New York  10022

Attn:  Christopher M. Mason, Esq.
       cmason@nixonpeabody.com

*Attorneys for Interpleader Plaintiff Deutsche Bank Trust Company Americas*


KRAMER LEVIN NAFTALIS & FRANKEL LLP
1177 Avenue of the Americas
New York, New York  10036

Attn:  Alan R. Friedman, Esq.
       afriedman@kramerlevin.com

*Attorneys for Interpleader Defendant Aurelius Capital Partners, LP*


BRYAN CAVE LLP
1290 Avenue of the Americas
New York, New York  10104

Attn:  Thomas James Schell, Esq.
       tjschell@bryancave.com


STRADLEY, RONON, STEVENS & YOUNG, LLP
2600 One Commerce Square
Philadelphia, Pennsylvania  19103-7098

Attn:  Keith R. Dutill, Esq.
       kdutill@stradley.com
       Leslie Miller Greenspan
       lgreenspan@stradley.com

*Attorneys for Interpleader Defendants UBS Absolute Return Fund, a fund of UBS Funds, Inc., and UBS Global Bond Fund, a fund of UBS Funds, Inc.*


EISEMAN LEVINE LEHRHAUPT & KAKOYIANNIS, P.C.
805 Third Avenue, 10th Floor
New York, New York  10022

Attn:  Erick P. Heichel, Esq.
       eheichel@ellklaw.com
       Jonathan C. Marquet, Esq.
       jmarquet@ellklaw.com

*Attorneys for Interpleader Defendant Cede & Co.*


BRYAN CAVE LLP
1290 Avenue of the Americas
New York, New York  10104

Attn:  Eric Rieder, Esq.
       erieder@bryancave.com

*Attorneys for Interpleader Defendant The Bank of N.T. Butterfield & Son Limited and Interpleader Defendant Revelstoke CDO I Ltd.*


OTTERBOURG, STEINDLER, HOUSTON & ROSEN, P.C.
230 Park Avenue
New York, New York  10169

Attn:  Peter Feldman, Esq.
       pfeldman@oshr.com

*Attorneys for Interpleader Defendants Magnetar Constellation Master Fund, Ltd., Magnetar Constellation Master Fund III, Ltd., and Magnetar Constellation Fund II, Ltd.*


PASA Funding 2007-1, Ltd.
c/o Ogier Fiduciary Services (Cayman) Limited
P.O. Box 1234 GT
Queensgate House, South Church Street
George Town, Grand Cayman KY1-1108
Cayman Islands, The British West Indies

(By U.S. P.S. Mail Only)

Stanton CDO I S.A.
c/o Omicron Investment Management GmbH
Herrengasse 1-3
1010 Vienna
Austria

(By U.S. P.S. Mail Only)

ZAIS Opportunity Master Fund, LTD
P.O. Box 1984 GT
Elizabeth Square, George Town
Grand Cayman Islands, The British West Indies

(By U.S.P.S. Mail Only)

Palmer Square 3 Limited
5 Harbourmaster Place
International Financial Services Centre
Dublin 1
Ireland

(By U.S. P.S. Mail Only)

Silver Elms CDO plc
c/o Deutsche International Corporate Services (Ireland) Limited
5 Harbourmaster Place
International Financial Services Centre
Dublin 1
Ireland

(By U.S. P.S. Mail Only)


Dated:   New York, New York
         August 18, 2008

McKee Nelson LLP

  /s/  *Kevin J. Biron*
Scott E. Eckas (SE 7479)
Kevin J. Biron (KB 1030)
One Battery Park Plaza
New York, NY 10004
Tel: (917) 777-4200
Fax: (917) 777-4299

*Attorneys for Interpleader Defendant LaCrosse Financial Products, LLC*