**MCKEE NELSON LLP**
Scott E. Eckas (SE 7479)
Kevin J. Biron (KB 1030)
One Battery Park Plaza
New York, NY  10004
Tel:  (917) 777-4200
Fax:  (917) 777-4299

*Attorneys for Interpleader Defendant*
*LaCrosse Financial Products, LLC*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DEUTSCHE BANK TRUST COMPANY AMERICAS, as Trustee and Securities Intermediary,<br><br>       Plaintiff,<br><br>  - against -<br><br>LACROSSE FINANCIAL PRODUCTS, LLC, CEDE & CO., as Holder of certain Secured Notes and nominee name of the Depository Trust Company, AURELIUS CAPITAL PARTNERS, LP, THE BANK OF N.T. BUTTERFIELD & SON LIMITED, MAGNETAR CONSTELLATION MASTER FUND, LTD., MAGNETAR CONSTELLATION MASTER FUND III, LTD., MAGNETAR CONSTELLATION FUND II, LTD., PALMER SQUARE 3 LIMITED, PASA FUNDING 2007-1, LTD., REVELSTOKE CDO I LTD., SILVER ELMS CDO plc, STANTON CDO I S.A., UBS ABSOLUTE RETURN BOND FUND, a fund of UBS Funds, Inc., UBS GLOBAL BOND FUND, a fund of UBS Funds, Inc., ZAIS OPPORTUNITY MASTER FUND, LTD, and DOES 1 through 100, owners of beneficial interests in the Secured Notes,<br><br>       Defendants. | Case No.:  1:08 CV 0955 (LAK)<br><br>Honorable Lewis A. Kaplan<br><br>**Electronically Filed** |

**ANSWER OF LACROSSE FINANCIAL PRODUCTS, LLC
TO THE AFFIRMATIVE DEFENSE AND CLAIM AGAINST
<u>INTERPLEADER ESCROW OF THE BANK OF N.T. BUTTERFIELD & SON LIMITED</u>**

Interpleader Defendant LaCrosse Financial Products, LLC ("LaCrosse"), by its undersigned attorneys, as and for its Answer to the First Affirmative Defense and Claim Against Interpleader Escrow (the "Affirmative Claim") asserted in the Answer of Defendant The Bank of N.T. Butterfield & Son Limited ("Butterfield"), states as follows:

**<u>ANSWER</u>**

**Answer to Butterfield's First Affirmative
<u>Defense and Claim Against Interpleader Escrow</u>**

1.   LaCrosse denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 1 of the Affirmative Claim.

2.   LaCrosse denies the allegations contained in the first sentence of paragraph 2 of the Affirmative Claim. By way of further response, LaCrosse refers to the entire Indenture,[1] which speaks for itself. Section 11.1(a) of the Indenture expressly provides that it is subject to the other clauses of Article 11 and Section 13.1 of the Indenture. LaCrosse admits the remaining allegations contained in paragraph 2 of the Affirmative Claim.

3.   Admitted. By way of further response, LaCrosse refers to the Indenture and the Super Senior Facility Agreement, which speak for themselves.

4.   Admitted. By way of further response, LaCrosse refers to that certain letter directed to the Trustee and dated November 7, 2007 (the "November 7 LaCrosse Letter"), which speaks for itself.

---

[1]   The Indenture is defined in the Interpleader Complaint (the "Complaint") filed by Plaintiff Deutsche Bank Trust Company Americas (the "Trustee"). Each capitalized term used but not defined herein has the meaning given to such term in the Indenture.

5. Admitted. By way of further response, LaCrosse refers to the Indenture and the November 7 LaCrosse Letter, which speak for themselves. LaCrosse is the Super Senior Counterparty and constitutes the Controlling Class under the Indenture. Pursuant to the Indenture, because an Event of Default has not been cured or waived and acceleration has occurred in accordance with Article 5, all amounts payable to the Super Senior Counterparty (including, but not limited to, any Unreimbursed Senior Credit Protection Payments and deposits to the Permanent Reduction Reserve Account until the Super Senior Notional Amount is reduced to zero) must be paid in full before any further payment or distribution is made on account of the Class S Notes, the Class A Notes, the Class B Notes, the Class C Notes, the Class D-1 Notes, the Class D-2 Notes, the Class D-3 Notes, the Class E Notes, the Class X Notes, and the Subordinated Notes (collectively, the "Subordinate Interests").

6. Denied. By way of further response, LaCrosse refers to the November 7 Letter and to the entire Indenture, which speak for themselves. LaCrosse is the Super Senior Counterparty and constitutes the Controlling Class under the Indenture. Pursuant to the Indenture, because an Event of Default has not been cured or waived and acceleration has occurred in accordance with Article 5, all amounts payable to the Super Senior Counterparty (including, but not limited to, any Unreimbursed Senior Credit Protection Payments and deposits to the Permanent Reduction Reserve Account until the Super Senior Notional Amount is reduced to zero) must be paid in full before any further payment or distribution is made on account of the Subordinate Interests.

7. Admitted.

8. No answer is required to paragraph 8 of the Affirmative Claim because it contains conclusions of law and argumentative rhetoric. To the extent any answer may be required, LaCrosse denies the allegations contained in paragraph 8 of the Affirmative Claim.

9. No answer is required to paragraph 9 of the Affirmative Claim because it contains conclusions of law and argumentative rhetoric. To the extent any answer may be required, LaCrosse denies that it has any obligation to demonstrate that an Event of Default occurred pursuant to the Indenture. LaCrosse refers to the Trustee's notice, dated November 6, 2007 (the "November 6 Trustee Notice") and directed to, *inter alia*, the Holders of the Notes and LaCrosse, which states that an Event of Default had occurred under Section 5.1(j) of the Indenture.

10. Denied. By way of further response, LaCrosse refers to all notices, communications, and other correspondence between and among the Trustee, the Issuers, the Noteholders and LaCrosse, including but not limited to (a) that certain notice, dated as of November 13, 2007, from the Trustee directed to, *inter alia*, the Holders of the Notes and LaCrosse, (b) that certain notice, dated as of December 3, 2007, from the Trustee directed to, *inter alia*, the Holders of the Notes and LaCrosse, and (c) that certain notice, dated as of January 25, 2008, from the Trustee to the Issuers, which speak for themselves.

11. No answer is required to paragraph 11 of the Affirmative Claim because it contains conclusions of law. To the extent any answer may be required, LaCrosse denies the allegations in paragraph 11 of the Affirmative Claim. By way of further response, LaCrosse refers to the entire Indenture, which speaks for itself. LaCrosse is the Super Senior Counterparty and constitutes the Controlling Class. Pursuant to the Indenture, because an Event of Default has not been cured or waived and acceleration has occurred in accordance with Article 5, all amounts payable to the Super Senior Counterparty (including, but not limited to, any Unreimbursed

3

Senior Credit Protection Payments and deposits to the Permanent Reduction Reserve Account until the Super Senior Notional Amount is reduced to zero) must be paid in full before any further payment or distribution is made on account of the Subordinate Interests.

12. No answer is required to paragraph 12 of the Affirmative Claim because it contains conclusions of law. To the extent any answer may be required, LaCrosse denies the allegations in paragraph 12 of the Affirmative Claim. By way of further response, LaCrosse refers to the entire Indenture, which speaks for itself. LaCrosse is the Super Senior Counterparty and constitutes the Controlling Class. Pursuant to the Indenture, because an Event of Default has not been cured or waived and acceleration has occurred in accordance with Article 5, all amounts payable to the Super Senior Counterparty (including, but not limited to, any Unreimbursed Senior Credit Protection Payments and deposits to the Permanent Reduction Reserve Account until the Super Senior Notional Amount is reduced to zero) must be paid in full before any further payment or distribution is made on account of the Subordinate Interests.

13. No answer is required to paragraph 13 of the Affirmative Claim because it contains conclusions of law. To the extent any answer may be required, LaCrosse admits that, at this time, it has not made any Net Senior Credit Protection Payments, and denies the remaining allegations in paragraph 13 of the Affirmative Claim. By way of further response, LaCrosse refers to the entire Indenture, which speaks for itself. LaCrosse is the Super Senior Counterparty and constitutes the Controlling Class. Pursuant to the Indenture, because an Event of Default has not been cured or waived and acceleration has occurred in accordance with Article 5, all amounts payable to the Super Senior Counterparty (including, but not limited to, any Unreimbursed Senior Credit Protection Payments and deposits to the Permanent Reduction Reserve Account

until the Super Senior Notional Amount is reduced to zero) must be paid in full before any further payment or distribution is made on account of the Subordinate Interests.

14.     No answer is required to paragraph 14 of the Affirmative Claim because it contains conclusions of law. To the extent any answer may be required, LaCrosse denies the allegations in paragraph 14 of the Affirmative Claim.

### Answer to Butterfield's Second Affirmative Defense

15.     No answer is required to paragraph 15 of the Affirmative Claim because it contains conclusions of law.

### Answer to Butterfield's Second Affirmative Defense

16.     No answer is required to paragraph 16 of the Affirmative Claim because it contains conclusions of law.

17.     No answer is required to paragraph 17 of the Affirmative Claim because it contains conclusions of law.

### ANSWER TO REQUEST FOR RELIEF

18.     LaCrosse admits that Butterfield seeks the relief set forth in its Request for Relief contained in the "WHEREFORE" paragraph of the Affirmative Claim. LaCrosse specifically denies that Butterfield is entitled to any such relief or that this Court is entitled to grant such relief. LaCrosse further denies the remaining allegations contained in the Request for Relief and denies that Butterfield is entitled to any relief whatsoever.

### AFFIRMATIVE DEFENSES

19.     LaCrosse states the following affirmative defenses without assuming the burden of proof of such defenses that would otherwise rest on Butterfield:

5

**FIRST DEFENSE**

20. The Affirmative Claim is barred because Butterfield lacks standing to assert such claims and is not the real party in interest.

**SECOND DEFENSE**

21. The allegations in the Affirmative Claim fail to state a claim to the Interpleader Escrow upon which relief may be granted.

**THIRD DEFENSE**

22. The Affirmative Claim is barred, in whole or in part, under the doctrines of unclean hands and *in pari delicto*.

**FOURTH DEFENSE**

23. The Affirmative Claim is barred, in whole or in part, by the doctrines of estoppel, waiver, ratification, and acquiescence.

**FIFTH DEFENSE**

24. The Affirmative Claim is barred, in whole or in part, because Butterfield's interpretation of the Indenture would frustrate the purpose thereof.

**SIXTH DEFENSE**

25. Because the Affirmative Claim does not plead sufficient facts to enable LaCrosse to determine all of its applicable defenses, LaCrosse expressly reserves its right to assert any and all additional defenses once the precise nature of the claims can be ascertained.

**SEVENTH DEFENSE**

26. LaCrosse asserts all other affirmative defenses that may be revealed during the course of discovery.

**EIGHTH DEFENSE**

27. LaCrosse hereby adopts and incorporates by reference any and all other affirmative defenses asserted or to be asserted by any other defendant to the extent LaCrosse may share in or be entitled to assert such affirmative defenses.

WHEREFORE, LaCrosse respectfully requests that this Court enter an order dismissing the Affirmative Claim with prejudice, awarding LaCrosse its costs, expenses, and reasonable attorneys' fees in defending against the Affirmative Claim, and granting such other and further relief as is just and proper.

Dated: New York, New York
August 18, 2008

Respectfully submitted,

/s/  Scott E. Eckas

Scott E. Eckas (SE 7479)
*seckas@mckeenelson.com*
Kevin J. Biron (KB 1030)
*kbiron@mckeenelson.com*
McKee Nelson LLP
One Battery Park Plaza, 34th Floor
New York, NY 10004
Tel:  (917) 777-4200
Fax: (917) 777-4299

*Attorneys for Interpleader Defendant
LaCrosse Financial Products, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on this date, I caused the following documents to be electronically filed and served the following documents on the parties on the Service List below by causing true and correct copies thereof to be sent via the Court's electronic filing system and/or U.S.P.S. Mail:

(1) Answer of LaCrosse Financial Products, LLC to the Affirmative Defenses and Claims Against the Interpleader Escrow of Aurelius Capital Partners, LP;

(2) Answer of LaCrosse Financial Products, LLC to the Affirmative Defense and Claim Against Interpleader Escrow of the Bank of N.T. Butterfield & Son Limited;

(3) Answer of LaCrosse Financial Products, LLC to the Affirmative Defense and Affirmative Claim to the Interpleader Escrow and Future Distributions of Magnetar Constellation Master Fund, Ltd, Magnetar Constellation Fund II, Ltd, and Magnetar Constellation Master Fund III, Ltd; and

(4) Answer of LaCrosse Financial Products, LLC to the Affirmative Defense and Claim Against Interpleader Escrow of Revelstoke CDO I Ltd.

**SERVICE LIST**

NIXON PEABODY LLP
437 Madison Avenue
New York, New York  10022

Attn:  Christopher M. Mason, Esq.
    cmason@nixonpeabody.com

*Attorneys for Interpleader Plaintiff Deutsche Bank Trust Company Americas*


KRAMER LEVIN NAFTALIS & FRANKEL LLP
1177 Avenue of the Americas
New York, New York  10036

Attn:  Alan R. Friedman, Esq.
    afriedman@kramerlevin.com

*Attorneys for Interpleader Defendant Aurelius Capital Partners, LP*


BRYAN CAVE LLP
1290 Avenue of the Americas
New York, New York  10104

Attn:  Thomas James Schell, Esq.
    tjschell@bryancave.com


STRADLEY, RONON, STEVENS & YOUNG, LLP
2600 One Commerce Square
Philadelphia, Pennsylvania  19103-7098

Attn:  Keith R. Dutill, Esq.
    kdutill@stradley.com
    Leslie Miller Greenspan
    lgreenspan@stradley.com

*Attorneys for Interpleader Defendants UBS Absolute Return Fund, a fund of UBS Funds, Inc., and UBS Global Bond Fund, a fund of UBS Funds, Inc.*


EISEMAN LEVINE LEHRHAUPT & KAKOYIANNIS, P.C.
805 Third Avenue, 10th Floor
New York, New York  10022

Attn:  Erick P. Heichel, Esq.
    eheichel@ellklaw.com
    Jonathan C. Marquet, Esq.
    jmarquet@ellklaw.com

*Attorneys for Interpleader Defendant Cede & Co.*


BRYAN CAVE LLP
1290 Avenue of the Americas
New York, New York  10104

Attn:  Eric Rieder, Esq.
    erieder@bryancave.com

*Attorneys for Interpleader Defendant The Bank of N.T. Butterfield & Son Limited and Interpleader Defendant Revelstoke CDO I Ltd.*


OTTERBOURG, STEINDLER, HOUSTON & ROSEN, P.C.
230 Park Avenue
New York, New York  10169

Attn:  Peter Feldman, Esq.
    pfeldman@oshr.com

*Attorneys for Interpleader Defendants Magnetar Constellation Master Fund, Ltd., Magnetar Constellation Master Fund III, Ltd., and Magnetar Constellation Fund II, Ltd.*


PASA Funding 2007-1, Ltd.
c/o Ogier Fiduciary Services (Cayman) Limited
P.O. Box 1234 GT
Queensgate House, South Church Street
George Town, Grand Cayman KY1-1108
Cayman Islands, The British West Indies

(By U.S. P.S. Mail Only)

| | |
|---|---|
| Stanton CDO I S.A.<br>c/o Omicron Investment Management GmbH<br>Herrengasse 1-3<br>1010 Vienna<br>Austria<br><br>(By U.S. P.S. Mail Only) | ZAIS Opportunity Master Fund, LTD<br>P.O. Box 1984 GT<br>Elizabeth Square, George Town<br>Grand Cayman Islands, The British West Indies<br><br>(By U.S.P.S. Mail Only) |
| Palmer Square 3 Limited<br>5 Harbourmaster Place<br>International Financial Services Centre<br>Dublin 1<br>Ireland<br><br>(By U.S. P.S. Mail Only) | Silver Elms CDO plc<br>c/o Deutsche International Corporate Services (Ireland) Limited<br>5 Harbourmaster Place<br>International Financial Services Centre<br>Dublin 1<br>Ireland<br><br>(By U.S. P.S. Mail Only) |

Dated:   New York, New York
         August 18, 2008

McKee Nelson LLP

  /s/  *Kevin J. Biron*
Scott E. Eckas (SE 7479)
Kevin J. Biron (KB 1030)
One Battery Park Plaza
New York, NY 10004
Tel: (917) 777-4200
Fax: (917) 777-4299

*Attorneys for Interpleader Defendant LaCrosse Financial Products, LLC*