**MCKEE NELSON LLP**
Scott E. Eckas (SE 7479)
Kevin J. Biron (KB 1030)
One Battery Park Plaza
New York, NY   10004
Tel:  (917) 777-4200
Fax:  (917) 777-4299

*Attorneys for Interpleader Defendant*
*LaCrosse Financial Products, LLC*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DEUTSCHE BANK TRUST COMPANY AMERICAS, as Trustee and Securities Intermediary,<br><br>                                  Plaintiff,<br><br>          - against -<br><br>LACROSSE FINANCIAL PRODUCTS, LLC, CEDE & CO., as Holder of certain Secured Notes and nominee name of the Depository Trust Company, AURELIUS CAPITAL PARTNERS, LP, THE BANK OF N.T. REVELSTOKE & SON LIMITED, MAGNETAR CONSTELLATION MASTER FUND, LTD., MAGNETAR CONSTELLATION MASTER FUND III, LTD., MAGNETAR CONSTELLATION FUND II, LTD., PALMER SQUARE 3 LIMITED, PASA FUNDING 2007-1, LTD., REVELSTOKE CDO I LTD., SILVER ELMS CDO plc, STANTON CDO I S.A., UBS ABSOLUTE RETURN BOND FUND, a fund of UBS Funds, Inc., UBS GLOBAL BOND FUND, a fund of UBS Funds, Inc., ZAIS OPPORTUNITY MASTER FUND, LTD, and DOES 1 through 100, owners of beneficial interests in the Secured Notes,<br><br>                                  Defendants. | Case No.:  1:08 CV 0955 (LAK)<br><br>Honorable Lewis A. Kaplan<br><br>**Electronically Filed** |

**ANSWER OF LACROSSE FINANCIAL PRODUCTS, LLC**
**TO THE AFFIRMATIVE DEFENSE AND CLAIM AGAINST**
**INTERPLEADER ESCROW OF REVELSTOKE CDO I LTD.**

Interpleader Defendant LaCrosse Financial Products, LLC ("LaCrosse"), by its

undersigned attorneys, as and for its Answer to the First Affirmative Defense and Claim Against

Interpleader Escrow (the "Affirmative Claim") asserted in the Answer of Defendant Revelstoke

CDO I Limited ("Revelstoke"), states as follows:

## ANSWER

### Answer to Revelstoke's First Affirmative
### Defense and Claim Against Interpleader Escrow

1.      LaCrosse denies knowledge or information sufficient to form a belief as to the

allegations contained in paragraph 1 of the Affirmative Claim.

2.      LaCrosse denies the allegations contained in the first sentence of paragraph 2 of

the Affirmative Claim.  By way of further response, LaCrosse refers to the entire Indenture,[1]

which speaks for itself.  Section 11.1(a) of the Indenture expressly provides that it is subject to

the other clauses of Article 11 and Section 13.1 of the Indenture.  LaCrosse admits the remaining

allegations contained in paragraph 2 of the Affirmative Claim.

3.      Admitted.  By way of further response, LaCrosse refers to the Indenture and the

Super Senior Facility Agreement, which speak for themselves.

4.      Admitted.   By way of further response, LaCrosse refers to that certain letter

directed to the Trustee and dated November 7, 2007 (the "November 7 LaCrosse Letter"), which

speaks for itself.

---

[1]      The Indenture is defined in the Interpleader Complaint (the "Complaint") filed by Plaintiff Deutsche Bank
Trust Company Americas (the "Trustee").  Each capitalized term used but not defined herein has the meaning given
to such term in the Indenture.

5.      Admitted.  By way of further response, LaCrosse refers to the Indenture and the November 7 LaCrosse Letter, which speak for themselves.  LaCrosse is the Super Senior Counterparty and constitutes the Controlling Class under the Indenture.  Pursuant to the Indenture, because an Event of Default has not been cured or waived and acceleration has occurred in accordance with Article 5, all amounts payable to the Super Senior Counterparty (including, but not limited to, any Unreimbursed Senior Credit Protection Payments and deposits to the Permanent Reduction Reserve Account until the Super Senior Notional Amount is reduced to zero) must be paid in full before any further payment or distribution is made on account of the Class S Notes, the Class A Notes, the Class B Notes, the Class C Notes, the Class D-1 Notes, the Class D-2 Notes, the Class D-3 Notes, the Class E Notes, the Class X Notes, and the Subordinated Notes (collectively, the "Subordinate Interests").

6.      Denied.  By way of further response, LaCrosse refers to the November 7 Letter and to the entire Indenture, which speak for themselves.  LaCrosse is the Super Senior Counterparty and constitutes the Controlling Class under the Indenture.  Pursuant to the Indenture, because an Event of Default has not been cured or waived and acceleration has occurred in accordance with Article 5, all amounts payable to the Super Senior Counterparty (including, but not limited to, any Unreimbursed Senior Credit Protection Payments and deposits to the Permanent Reduction Reserve Account until the Super Senior Notional Amount is reduced to zero) must be paid in full before any further payment or distribution is made on account of the Subordinate Interests.

7.      Admitted.

8.      No answer is required to paragraph 8 of the Affirmative Claim because it contains

conclusions of law and argumentative rhetoric.  To the extent any answer may be required,

LaCrosse denies the allegations contained in paragraph 8 of the Affirmative Claim.

9.      No answer is required to paragraph 9 of the Affirmative Claim because it contains

conclusions of law and argumentative rhetoric.  To the extent any answer may be required,

LaCrosse denies that it has any obligation to demonstrate that an Event of Default occurred

pursuant to the Indenture.  LaCrosse refers to the Trustee's notice, dated November 6, 2007 (the

"November 6 Trustee Notice") and directed to, *inter alia*, the Holders of the Notes and LaCrosse,

which states that an Event of Default had occurred under Section 5.1(j) of the Indenture.

10.     Denied.    By way of further response, LaCrosse refers to all notices,

communications, and other correspondence between and among the Trustee, the Issuers, the

Noteholders and LaCrosse, including but not limited to (a) that certain notice, dated as of

November 13, 2007, from the Trustee directed to, *inter alia*, the Holders of the Notes and

LaCrosse, (b) that certain notice, dated as of December 3, 2007, from the Trustee directed to,

*inter alia*, the Holders of the Notes and LaCrosse, and (c) that certain notice, dated as of January

25, 2008, from the Trustee to the Issuers, which speak for themselves.

11.     No answer is required to paragraph 11 of the Affirmative Claim because it

contains conclusions of law.  To the extent any answer may be required, LaCrosse denies the

allegations in paragraph 11 of the Affirmative Claim.  By way of further response, LaCrosse

refers to the entire Indenture, which speaks for itself. LaCrosse is the Super Senior Counterparty

and constitutes the Controlling Class.  Pursuant to the Indenture, because an Event of Default has

not been cured or waived and acceleration has occurred in accordance with Article 5, all amounts

payable to the Super Senior Counterparty (including, but not limited to, any Unreimbursed

3

Senior Credit Protection Payments and deposits to the Permanent Reduction Reserve Account until the Super Senior Notional Amount is reduced to zero) must be paid in full before any further payment or distribution is made on account of the Subordinate Interests.

12.    No answer is required to paragraph 12 of the Affirmative Claim because it contains conclusions of law.  To the extent any answer may be required, LaCrosse denies the allegations in paragraph 12 of the Affirmative Claim.  By way of further response, LaCrosse refers to the entire Indenture, which speaks for itself.  LaCrosse is the Super Senior Counterparty and constitutes the Controlling Class.  Pursuant to the Indenture, because an Event of Default has not been cured or waived and acceleration has occurred in accordance with Article 5, all amounts payable to the Super Senior Counterparty (including, but not limited to, any Unreimbursed Senior Credit Protection Payments and deposits to the Permanent Reduction Reserve Account until the Super Senior Notional Amount is reduced to zero) must be paid in full before any further payment or distribution is made on account of the Subordinate Interests.

13.    No answer is required to paragraph 13 of the Affirmative Claim because it contains conclusions of law.  To the extent any answer may be required, LaCrosse admits that, at this time, it has not made any Net Senior Credit Protection Payments, and denies the remaining allegations in paragraph 13 of the Affirmative Claim.  By way of further response, LaCrosse refers to the entire Indenture, which speaks for itself.  LaCrosse is the Super Senior Counterparty and constitutes the Controlling Class.  Pursuant to the Indenture, because an Event of Default has not been cured or waived and acceleration has occurred in accordance with Article 5, all amounts payable to the Super Senior Counterparty (including, but not limited to, any Unreimbursed Senior Credit Protection Payments and deposits to the Permanent Reduction Reserve Account

until the Super Senior Notional Amount is reduced to zero) must be paid in full before any further payment or distribution is made on account of the Subordinate Interests.

14.    No answer is required to paragraph 14 of the Affirmative Claim because it contains conclusions of law.  To the extent any answer may be required, LaCrosse denies the allegations in paragraph 14 of the Affirmative Claim.

### Answer to Revelstoke's Second Affirmative Defense

15.    No answer is required to paragraph 15 of the Affirmative Claim because it contains conclusions of law.

### Answer to Revelstoke's Second Affirmative Defense

16.    No answer is required to paragraph 16 of the Affirmative Claim because it contains conclusions of law.

17.    No answer is required to paragraph 17 of the Affirmative Claim because it contains conclusions of law.

### ANSWER TO REQUEST FOR RELIEF

18.    LaCrosse admits that Revelstoke seeks the relief set forth in its Request for Relief contained in the "WHEREFORE" paragraph of the Affirmative Claim.  LaCrosse specifically denies that Revelstoke is entitled to any such relief or that this Court is entitled to grant such relief.  LaCrosse further denies the remaining allegations contained in the Request for Relief and denies that Revelstoke is entitled to any relief whatsoever.

### AFFIRMATIVE DEFENSES

19.    LaCrosse states the following affirmative defenses without assuming the burden of proof of such defenses that would otherwise rest on Revelstoke:

## FIRST DEFENSE

20.     The Affirmative Claim is barred because Revelstoke lacks standing to assert such claims and is not the real party in interest.

## SECOND DEFENSE

21.     The allegations in the Affirmative Claim fail to state a claim to the Interpleader Escrow upon which relief may be granted.

## THIRD DEFENSE

22.     The Affirmative Claim is barred, in whole or in part, under the doctrines of unclean hands and *in pari delicto*.

## FOURTH DEFENSE

23.     The Affirmative Claim is barred, in whole or in part, by the doctrines of estoppel, waiver, ratification, and acquiescence.

## FIFTH DEFENSE

24.     The Affirmative Claim is barred, in whole or in part, because Revelstoke's interpretation of the Indenture would frustrate the purpose thereof.

## SIXTH DEFENSE

25.     Because the Affirmative Claim does not plead sufficient facts to enable LaCrosse to determine all of its applicable defenses, LaCrosse expressly reserves its right to assert any and all additional defenses once the precise nature of the claims can be ascertained.

## SEVENTH DEFENSE

26.     LaCrosse asserts all other affirmative defenses that may be revealed during the course of discovery.

**EIGHTH DEFENSE**

27.     LaCrosse hereby adopts and incorporates by reference any and all other affirmative defenses asserted or to be asserted by any other defendant to the extent LaCrosse may share in or be entitled to assert such affirmative defenses.


WHEREFORE, LaCrosse respectfully requests that this Court enter an order dismissing the Affirmative Claim with prejudice, awarding LaCrosse its costs, expenses, and reasonable attorneys' fees in defending against the Affirmative Claim, and granting such other and further relief as is just and proper.


Dated: New York, New York
       August 18, 2008

                                        Respectfully submitted,

                                          /s/  *Scott E. Eckas*

                                        Scott E. Eckas (SE 7479)
                                        *seckas@mckeenelson.com*
                                        Kevin J. Biron (KB 1030)
                                        *kbiron@mckeenelson.com*
                                        McKee Nelson LLP
                                        One Battery Park Plaza, 34th Floor
                                        New York, NY 10004
                                        Tel:  (917) 777-4200
                                        Fax: (917) 777-4299

                                        *Attorneys for Interpleader Defendant*
                                        *LaCrosse Financial Products, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on this date, I caused the following documents to be electronically filed and served the following documents on the parties on the Service List below by causing true and correct copies thereof to be sent via the Court's electronic filing system and/or U.S.P.S. Mail:

(1)     Answer of LaCrosse Financial Products, LLC to the Affirmative Defenses and Claims Against the Interpleader Escrow of Aurelius Capital Partners, LP;

(2)     Answer of LaCrosse Financial Products, LLC to the Affirmative Defense and Claim Against Interpleader Escrow of the Bank of N.T. Butterfield & Son Limited;

(3)     Answer of LaCrosse Financial Products, LLC to the Affirmative Defense and Affirmative Claim to the Interpleader Escrow and Future Distributions of Magnetar Constellation Master Fund, Ltd, Magnetar Constellation Fund II, Ltd, and Magnetar Constellation Master Fund III, Ltd; and

(4)     Answer of LaCrosse Financial Products, LLC to the Affirmative Defense and Claim Against Interpleader Escrow of Revelstoke CDO I Ltd.

## SERVICE LIST

NIXON PEABODY LLP
437 Madison Avenue
New York, New York  10022

Attn:  Christopher M. Mason, Esq.
    cmason@nixonpeabody.com

*Attorneys for Interpleader Plaintiff Deutsche Bank Trust Company Americas*


KRAMER LEVIN NAFTALIS & FRANKEL LLP
1177 Avenue of the Americas
New York, New York  10036

Attn:  Alan R. Friedman, Esq.
    afriedman@kramerlevin.com

*Attorneys for Interpleader Defendant Aurelius Capital Partners, LP*


BRYAN CAVE LLP
1290 Avenue of the Americas
New York, New York  10104

Attn:  Thomas James Schell, Esq.
    tjschell@bryancave.com

STRADLEY, RONON, STEVENS & YOUNG, LLP
2600 One Commerce Square
Philadelphia, Pennsylvania  19103-7098

Attn:  Keith R. Dutill, Esq.
    kdutill@stradley.com
    Leslie Miller Greenspan
    lgreenspan@stradley.com

*Attorneys for Interpleader Defendants UBS Absolute Return Fund, a fund of UBS Funds, Inc., and UBS Global Bond Fund, a fund of UBS Funds, Inc.*

EISEMAN LEVINE LEHRHAUPT & KAKOYIANNIS, P.C.
805 Third Avenue, 10th Floor
New York, New York  10022

Attn:  Erick P. Heichel, Esq.
    eheichel@ellklaw.com
    Jonathan C. Marquet, Esq.
    jmarquet@ellklaw.com

*Attorneys for Interpleader Defendant Cede & Co.*


BRYAN CAVE LLP
1290 Avenue of the Americas
New York, New York  10104

Attn:  Eric Rieder, Esq.
    erieder@bryancave.com

*Attorneys for Interpleader Defendant The Bank of N.T. Butterfield & Son Limited and Interpleader Defendant Revelstoke CDO I Ltd.*


OTTERBOURG, STEINDLER, HOUSTON & ROSEN, P.C.
230 Park Avenue
New York, New York  10169

Attn:  Peter Feldman, Esq.
    pfeldman@oshr.com

*Attorneys for Interpleader Defendants Magnetar Constellation Master Fund, Ltd., Magnetar Constellation Master Fund III, Ltd., and Magnetar Constellation Fund II, Ltd.*


PASA Funding 2007-1, Ltd.
c/o Ogier Fiduciary Services (Cayman) Limited
P.O. Box 1234 GT
Queensgate House, South Church Street
George Town, Grand Cayman KY1-1108
Cayman Islands, The British West Indies

(By U.S. P.S. Mail Only)

Stanton CDO I S.A.
c/o Omicron Investment Management
GmbH
Herrengasse 1-3
1010 Vienna
Austria

(By U.S. P.S. Mail Only)


Palmer Square 3 Limited
5 Harbourmaster Place
International Financial Services Centre
Dublin 1
Ireland

(By U.S. P.S. Mail Only)

ZAIS Opportunity Master Fund, LTD
P.O. Box 1984 GT
Elizabeth Square, George Town
Grand Cayman Islands, The British West
Indies

(By U.S.P.S. Mail Only)


Silver Elms CDO plc
c/o Deutsche International Corporate
Services (Ireland) Limited
5 Harbourmaster Place
International Financial Services Centre
Dublin 1
Ireland

(By U.S. P.S. Mail Only)


Dated:    New York, New York
          August 18, 2008



McKee Nelson LLP

  /s/  *Kevin J. Biron*
Scott E. Eckas (SE 7479)
Kevin J. Biron (KB 1030)
One Battery Park Plaza
New York,  NY  10004
Tel:  (917) 777-4200
Fax: (917) 777-4299

*Attorneys for Interpleader Defendant
LaCrosse Financial Products, LLC*