UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

| | |
|---|---|
| DEUTSCHE BANK TRUST COMPANY AMERICAS, as Trustee and Securities Intermediary, | : : : : | 
| | Case No. 08 CV 0955 (LAK) (DCF) |
| Plaintiff, | **Electronically filed** |
| - against - | |
| LACROSSE FINANCIAL PRODUCTS, LLC, CEDE & CO., as Holder of certain Secured Notes and nominee name of the Depositary Trust Company, AURELIUS CAPITAL PARTNERS, LP, THE BANK OF N.T. BUTTERFIELD & SON LIMITED, MAGNETAR CONSTELLATION MASTER FUND, LTD., MAGNETAR CONSTELLATION MASTER FUND III, LTD., MAGNETAR CONSTELLATION FUND II, LTD., PALMER SQUARE 3 LIMITED, PASA FUNDING 2007-1, LTD., REVELSTOKE CDO I LTD., SILVER ELMS CDO plc, STANTON CDO I S.A., UBS ABSOLUTE RETURN BOND FUND, a fund of UBS Funds, Inc., UBS GLOBAL BOND FUND, a fund of UBS Funds, Inc., ZAIS OPPORTUNITY MASTER FUND, LTD, and DOES 1 through 100, owners of beneficial interests in the Secured Notes. | |
| Defendants. | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**MEMORANDUM OF LAW OF UBS ABSOLUTE RETURN BOND FUND,
UBS GLOBAL BOND FUND, AND REVELSTOKE CDO I LTD.
IN OPPOSITION TO MOTION FOR JUDGMENT ON THE PLEADINGS OF
<u>LACROSSE FINANCIAL PRODUCTS, LLC</u>**

# 949549

**TABLE OF CONTENTS**

**Page**

I.   PRELIMINARY STATEMENT AND LEGAL STANDARD ........................................ 1

II.  ARGUMENT........................................................................................................................ 3

    A.   LaCrosse Has Not and Cannot Satisfy the Standard to Obtain Judgment on the Pleadings. ................................................................................................................ 3

    B.   LaCrosse's Interpretation of the Indenture is Incorrect......................................... 5

III. CONCLUSION................................................................................................................... 6

# 949549

## **TABLE OF AUTHORITIES**

**CASES**

*E*Trade Financial Corp. v. Deutsche Bank AG*,
  420 F. Supp. 2d 273 (S.D.N.Y. 2006) ................................................................................... 3

*Greco v. Trauner, Cohen & Thomas, LLP*,
  No. 03-CV-6352 CJS, 2004 WL 1588208 (W.D.N.Y. July 12, 2004) ................................... 3

*La Mirada Products Co., Inc. v. Wassell PLC*,
  823 F. Supp. 138 (S.D.N.Y. 1993) ......................................................................................... 3

*Seller v. M.C. Floor Crafters, Inc.*,
  842 F. 2d 639 (2d Cir. 1988) ................................................................................................. 2

*Tuncik v. Kornfeld*,
  813 F. Supp. 988 (S.D.N.Y. 1993) ......................................................................................... 2

*U.S. v. Richard Dattner Architects*,
  972 F. Supp. 738 (S.D.N.Y. 1997) ......................................................................................... 3

**RULES**

Fed. R. Civ. P. 8(b)(5) ................................................................................................................. 4

Fed. R. Civ. P. 12(c) ............................................................................................................. 2, 4-5

# 949549

Interpleader Defendants UBS Absolute Return Bond Fund, UBS Global Bond Fund (together, the "UBS Funds"), and Revelstoke CDO I Ltd. ("Revelstoke"), through counsel, respectfully submit this Memorandum of Law in opposition to the Motion for Judgment on the Pleadings filed by Interpleader Defendant LaCrosse Financial Products, LLC ("LaCrosse"), which was filed with the Court on March 23, 2009.  (Doc. 93.)

I.   **PRELIMINARY STATEMENT AND LEGAL STANDARD**

This case stems from a collateralized debt obligation ("CDO") transaction, the terms of which are set forth in an Indenture dated March 15, 2007 (the "Indenture").  The central question in this interpleader action is whether LaCrosse, the Super Senior Counterparty to the transaction, or the various noteholders are entitled to certain Disputed Funds following an alleged Event of Default.  Put simply, the Court must ultimately decide which provision of the Indenture governs – Section 11.1(a)'s comprehensive waterfall provision or Section 13.1's subordination provisions – to determine which parties will receive certain funds and in what order of priority.  The UBS entities (who hold secured notes in Classes A, B, and C) and Revelstoke (who holds secured notes in Class A) submit that Section 11.1(a) should control the disbursement of funds, based on a plain reading of the Indenture, and that LaCrosse's contention that Section 13.1(a) controls should be rejected by the Court.

LaCrosse has filed a lengthy Memorandum of Law in Support of its Motion for Judgment on the Pleadings, setting forth the many terms and events of the complex CDO transaction. (Doc. 93.)  Interpleader Defendant The Bank of N.T. Butterfield & Son, Limited ("Butterfield") also has submitted extensive opposition papers.  (Doc. 105.)  While the UBS Funds and Revelstoke agree with Butterfield's interpretation of Sections 11.1(a) and 13.1 of the Indenture and disagree with LaCrosse's interpretation, the only issue at this juncture is whether

LaCrosse has met its burden of demonstrating an entitlement to judgment pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

Under Rule 12(c), judgment on the pleadings is only appropriate when "material facts are undisputed and . . . a judgment on the merits is possible merely by considering the contents of the pleadings." *Seller v. M.C. Floor Crafters, Inc.*, 842 F. 2d 639, 642 (2d Cir. 1988) (internal citations omitted); *Tuncik v. Kornfeld*, 813 F. Supp. 988, 995 (S.D.N.Y. 1993). In ruling on a motion for judgment on the pleadings, the facts of the complaint are accepted as true, and all inferences are made in favor of the non-moving party. *E*Trade Financial Corp. v. Deutsche Bank AG*, 420 F. Supp. 2d 273, 283 (S.D.N.Y. 2006) (internal citations omitted). A motion for judgment on the pleadings cannot and should not be granted if material facts pled in the complaint have been denied. Id. ("conclusions of law or unwarranted deductions of fact are not admitted") (internal citations omitted). *See also U.S. v. Richard Dattner Architects*, 972 F. Supp. 738, 740 (S.D.N.Y. 1997) ("Judgment on the pleadings may be granted only if, on the facts admitted, the moving party is clearly entitled to judgment"); *La Mirada Products Co., Inc. v. Wassell PLC*, 823 F. Supp. 138, 140 (S.D.N.Y. 1993) (same); *Greco v. Trauner, Cohen & Thomas, LLP*, No. 03-CV-6352 CJS, 2004 WL 1588208, at *1 (W.D.N.Y. July 12, 2004) ("A motion for judgment on the pleadings may be granted when all material allegations of fact are admitted in the pleadings and only questions of law remain").

Here, the face of the pleadings demonstrates that material facts are in dispute, precluding entry of judgment at this preliminary stage of the case. Furthermore, even if the Court gets to the merits of the CDO transaction and the language of the Indenture, LaCrosse's Motion should be denied because its interpretation of the Indenture is erroneous.

II.    **ARGUMENT**

    A.    **LaCrosse Has Not and Cannot Satisfy the Standard to Obtain Judgment on the Pleadings.**

In this case, Plaintiff Deutsche Bank Trust Company America ("Deutsche Bank"), the Trustee, has pled facts that are material to the issues before the Court (i.e. which parties are entitled to what funds in accordance with certain provisions of the Indenture). LaCrosse has relied on those and other facts in arguing its interpretation of the Indenture. By way of example only, in paragraph 55 of the Amended Interpleader Complaint (Doc. 70), Deutsche Bank has alleged that "Deutsche Bank has sent notice pursuant to Section 5.2 of the Indenture to, among others, the Issuers and each Rating Agency that, among other things, the principal of all the Notes is immediately due and payable." Doc. 70 at ¶ 55. The sending of this notice is a significant event because it could trigger the distribution of funds pursuant to the Indenture. *See* Indenture at § 5.2(a).

The Amended Interpleader Complaint does not further describe the notice that was supposedly sent (leaving out, among other facts, the date sent, the recipients of the notice, and the reasons for sending such notice), nor is there a copy of such notice attached as an exhibit to the Amended Interpleader Complaint. In their Answers (Docs. 41 and 58), the UBS Funds and Revelstoke each responded that they were without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph, after reasonable investigation, and therefore, the allegations were denied. See Fed. R. Civ. P. 8(b)(5). In its Answer, LaCrosse also denied knowledge or information sufficient to form a belief as to the allegations of this paragraph. However, LaCrosse states in its motion papers that the Trustee complied with its direction to accelerate the notes and terminate the reinvestment period, thereby rendering all amounts payable under the Indenture immediately due and payable. Doc. 93 at 12.

This statement is not only outside of the relevant pleadings, but moreover, the issue of whether proper notice was sent pursuant to the Indenture is a material fact that must be proven by LaCrosse in order to succeed on its arguments. It is clearly disputed in the pleadings, which is all that matters for purposes of ruling on LaCrosse's Rule 12(c) motion.

In addition to the fact that numerous material facts remain disputed, certain material facts are not even a part of the pleadings. For instance, an Event of Default and acceleration of the notes purportedly occurred in November 2007 when the Issuer's asset portfolio deteriorated to a certain degree.[1] LaCrosse did not order the Trustee to liquidate the collateral until January 2009, which liquidation was completed in February 2009. LaCrosse has not pled its reasons for waiting 14 months to order a liquidation if, as alleged but not admitted, an Event of Default occurred in November 2007. During the intervening 14 months, interest and principal proceeds were placed into an escrow account, which is controlled by the Trustee. These funds are the only funds at issue in this case (the "Disputed Funds"). However, the fact of liquidation is not even a part of the pleadings because it occurred <u>after</u> the relevant pleadings were filed and closed. LaCrosse cannot rely upon this fact to succeed on a motion for judgment on the pleadings, nor should the Court be forced to look outside of the pleadings when ruling on such a motion.

Material facts have not been pled, and many that have been pled have been disputed. LaCrosse's Rule 12(c) motion must be denied on that basis alone.

---

[1] The UBS Funds and Revelstoke point out to the Court that such Event of Default is neither described nor explained in any way whatsoever in the Amended Interpleader Complaint. Rather, Deutsche Bank simply pled that an Event of Default "has occurred and is continuing." Doc. 70 at ¶ 53. The UBS Funds, Revelstoke, <u>and</u> LaCrosse responded in their respective Answers that they were without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph, and therefore, the allegations were denied. An Event of Default is another prerequisite to the distribution of funds, according to LaCrosse's interpretation of the Indenture, and therefore material to this Court's inquiry.

B.   **LaCrosse's Interpretation of the Indenture is Incorrect.**[2]

In addition to the fact that LaCrosse has not met its burden for judgment on the pleadings, its substantive arguments fail because its interpretation of the Indenture is incorrect. Section 11.1(a) dictates generally how the Trustee is to disburse funds on a monthly basis, "notwithstanding any other provision in this Indenture or in the Notes, but subject to the other clauses of this Article 11 and Section 13.1." Indenture at § 11.1(a). Section 11.1(a)(i) sets forth the priority of distributing interest proceeds (the "Interest Waterfall"), while Section 11.1(a)(ii) sets forth the priority of distributing principal proceeds (the "Principal Waterfall"). Upon the Final Maturity Date (i.e. following liquidation), interest, principal, and any other funds under the control of the Trustee are to be combined and distributed in accordance with a third and separate waterfall provision, as set forth in Section 11.1(a)(iii) (the "Liquidation Waterfall").

Section 13.1, entitled "Subordination," prescribes which parties' or noteholders' interests shall be subordinated to the rights of other parties or noteholders. Notably, Section 13.1 affirms that distributions shall be made in accordance with and pursuant to Section 11.1(a). Indenture at § 13.1(a). It is only when (1) an Event of Default has not been cured or waived and (2) acceleration has occurred in accordance with the Indenture and (3) following liquidation that (4) "all amounts payable to" LaCrosse pursuant to Section 11.1(a) shall be made with priority going to LaCrosse. In other words, assuming that certain preconditions have already been met, LaCrosse is only entitled to priority payments with respect to the amounts that are due to them under Section 11.1(a). LaCrosse is not entitled to *carte blanche* priority, as it contends it is, and it is not entitled to all funds held by the Trustee, particularly the Permanent Reduction Reserve

---

[2] To the extent the Court requires additional background information, the background of this matter is set forth in detail in the Memorandum of Law of The Bank of Butterfield & Son Limited ("Butterfield") in Opposition to LaCrosse's Motion (Doc. 105) and is incorporated herein by reference.

Account, which is an account maintained by the Trustee and intended to benefit more parties than simply LaCrosse. Accordingly, LaCrosse's interpretation of the Indenture should be rejected.

### III.  CONCLUSION

For the foregoing reasons, and for the reasons set forth in the opposition papers of Interpleader Defendant Butterfield, which arguments are incorporated herein by reference, the UBS Funds and Revelstoke respectfully request that the Court deny LaCrosse's Motion for Judgment on the Pleadings. A form of order is attached.

Dated: June 5, 2009

/s/ Leslie M. Greenspan
Keith R. Dutill
Leslie M. Greenspan
STRADLEY RONON STEVENS & YOUNG, LLP
2600 One Commerce Square
Telephone:  (215) 564-8022
Facsimile:  (215) 564-8120
kdutill@stradley.com
lgreenspan@stradley.com

Attorneys for Interpleader Defendants
UBS Absolute Return Fund, UBS Global
Bond Fund, and Revelstoke CDO I Ltd.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

| | |
|---|---|
| DEUTSCHE BANK TRUST COMPANY AMERICAS, as Trustee and Securities Intermediary, | Case No. 08 CV 0955 (LAK) (DCF) |
| Plaintiff, | **Electronically filed** |
| - against - | |
| LACROSSE FINANCIAL PRODUCTS, LLC, CEDE & CO., as Holder of certain Secured Notes and nominee name of the Depositary Trust Company, AURELIUS CAPITAL PARTNERS, LP, THE BANK OF N.T. BUTTERFIELD & SON LIMITED, MAGNETAR CONSTELLATION MASTER FUND, LTD., MAGNETAR CONSTELLATION MASTER FUND III, LTD., MAGNETAR CONSTELLATION FUND II, LTD., PALMER SQUARE 3 LIMITED, PASA FUNDING 2007-1, LTD., REVELSTOKE CDO I LTD., SILVER ELMS CDO plc, STANTON CDO I S.A., UBS ABSOLUTE RETURN BOND FUND, a fund of UBS Funds, Inc., UBS GLOBAL BOND FUND, a fund of UBS Funds, Inc., ZAIS OPPORTUNITY MASTER FUND, LTD, and DOES 1 through 100, owners of beneficial interests in the Secured Notes. | |
| Defendants. | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

## **ORDER**

AND NOW, upon consideration of the Motion for Judgment on the Pleadings filed by Interpleader Defendant LaCrosse Financial Products, LLC, and the noteholders' responses thereto, it is hereby ORDERED that the Motion is denied.

_____
J. Kaplan

# 949549

**CERTIFICATE OF SERVICE**

          I hereby certify that on June 5, 2009, I caused to be filed electronically the foregoing Memorandum of Law of UBS Absolute Return Bond Fund, UBS Global Bond, and Revelstoke CDO I Ltd. in Opposition to the Motion for Judgment on the Pleadings of LaCrosse Financial Services, LLC.  I served this document by causing a true and correct copy of each of the above-referenced documents to be sent via the Court's electronic filing system, or by U.S. Mail as noted, to each named recipient below:

NIXON PEABODY LLP
437 Madison Avenue
New York, NY  10022
(212) 940-3000
Fax:  (866) 947-2229
Attn:   Christopher M. Mason, Esq.
Email: cmason@nixonpeabody.com

*Attorneys for Plaintiff*
*Deutsche Bank Trust Company Americas*

EISEMAN LEVINE LEHRHAUPT &
KAKOYIANNIS, P.C.
805 Third Avenue
New York, NY  10022
(212) 752-1000
Attn:   Erick P. Heichel
        Jonathan C. Marquet
Email: eheichel@eisemanlevine.com

*Attorneys for Cede & Co. As Nominee for The Depository Trust Company*

MCKEE NELSON LLP
One Battery Park Plaza
34th Floor
New York, NY 10004
(917) 777-4343
Fax: (917)591-3047
Attn:   Scott E. Eckas, Esq.
        Kevin James Biron, Esq.
Email:  seckas@mckeenelson.com
        kbiron@mckeenelson.com

*Attorneys for Defendant Lacrosse Financial Products LLC*

OTTERBOURG, STEINDLER, HOUSTON &
ROSEN, P.C.
230 Park Avenue
New York, NY  10169
(212) 661-9100
Fax: (917) 306-4449
Attn:   Peter Feldman
        Jen Feeney
        Erik Weinick
Email:  pfeldman@oshr.com
        jfeeney@oshr.com
        eweinick@oshr.com

*Attorneys for Defendants*
*Magnetar Constellation Master Fund,Ltd.*
*Magnetar Constellation Master Fund III, Ltd.*
*and Magnetar Constellation Fund II, Ltd.*

# 949549

KRAMER LEVIN NAFTALIS & FRANKEL LLP
1177 Avenue of the Americas
New York, NY  10036
(212) 715-9100
Fax: (212) 715-8000
Attn: Alan R. Friedman
Hadassa R. Waxman
Email: afriedman@kramerlevin.com
       hwaxman@kramerlevin.com

*Attorneys for Defendants*
*Aurelius Capital Partners, LP and*
*Aurelius Capital Master, Ltd.*

BRYAN CAVE LLP
1290 Avenue of the Americas
New York, NY  10104-3300
(212) 541-2000
Fax:  (212) 541-1457
Attn:    Eric Rieder
         Thomas J. Schell
Email:   ERieder@bryancave.com
         TJSchell@bryancave.com

*Attorneys for Defendant*
*The Bank of N.T. Butterfield & Son Limited*

CHADBOURNE & PARK LLP
30 Rockefeller Plaza
New York,  NY 10112
(212) 408-5503
Fax: (646) 710-5503
Attn:   Scott S. Balber
        Emily Abrahams
Email: sbalber@chadbourne.com
       eabrahams@chadbourne.com

*Attorneys for Defendant*
*Royal Bank of Canada*

SHAPIRO FORMAN ALLEN & SAVA, LLP
380 Madison Avenue
New York , NY 10017
(212) 972-4900
Fax: (212) 557-1275
Attn:   Robert Warren Forman
Email: forman@sfa-law.com

*Attorneys for Defendant*
*Dresdner Kleinwort*

**Service by U.S. Mail Only:**

PALMER 3 SQUARE LIMITED
5 Harbourmaster Place
International Financial Services Centre
Dublin 1
Ireland

SILVER ELMS CDO PLC
c/o DEUTSCHE INTERNATIONAL CORPORATE
SERVICES (IRELAND) LIMITED
5 Harbourmaster Place
International Financial Services Center
Dublin 1, Ireland


                                        /s/ Leslie M. Greenspan
                                        Leslie M. Greenspan

# 949549